JANE FRANCISCO *et al.*, Plaintiffs in Error, *v.* SAMUEL A. HENDRICKS *et ux.*, and SETH GATES, Defendants in Error.

ERROR TO MERCER.

A bill for partition which declares that A. B. has a right of dower in all the lands, does not authorize the court to decree a sale of the lands, and that the dower shall be extinguished by the payment of a gross sum. The order of sale should protect the dowress, by directing the sale subject to her rights.

A widow, under the statute, cannot be deprived of her dower, except by her own acts. If a widow applies for an assignment of dower, and this cannot be done without prejudice to the estate, a jury should fix the annual value of the dower, and the court should then direct how this value should be annually paid.

THIS was a bill in chancery, filed in the Mercer Circuit Court, by Hendricks and his wife, for the purpose of procuring a partition of the lands described in the bill, and of extinguishing the right of dower of Jane Francisco in said lands.

The amended bill, which contains the whole of the complainant's case, was filed on the 3rd day of September, 1856.

The bill alleges, in substance, that the petitioners, together with Jane Francisco, Louisa Francisco, Peter E. Turpenning, and Hannah A. Turpenning, are the owners in fee simple of said lands. That all of said persons derived their title through William Francisco, who died in the year 1852, and left a wife, Jane Francisco, as his widow, and four children, surviving him. That by reason of certain deaths, marriages, and conveyances, set forth in the bill, the title to the land has become vested in four persons, all of whom are parties to the bill.

That if the lands were divided into 400 equal parts, they would be owned in fee simple as follows:

Petitioners would own - - - - 41 parts.
Peter E. Turpenning and wife would own 41 "
Louisa Francisco would own - - - 236 "
Jane Francisco would own - - 82 "

That the whole of said lands are subject to the dower of Jane Francisco, in one-third part thereof, during her life; that she has occupied and possessed said premises ever since the decease of her said husband; that a portion of said land is claimed by Jane Francisco, in her own right, by virtue of a title fraudulently obtained.

The bill prays for a partition of the lands, and "that the estate for life of the different parties thereto be set off to them in the premises," and if the lands cannot be divided, that they be sold.

No answer was filed to the bill, but a default was entered, and the bill was taken for confessed as to all the adult defendants, and it was referred to the master in chancery "to take the proofs and report them to the court."

The master reported, that William B. Francisco died on the 4th day of November, 1852, seized in fee of the land, and left four children and a widow, viz., Jane Francisco; and the report further found the title in the respective persons as described in the bill.

The court on the same day decreed, that a partition should be had; that the title to said land was as set forth in the bill, "and that the whole of said land was subject to the dower of Jane Francisco."

The court appointed three commissioners to make partition of said lands.

The commissioners filed their report, in which they say, that they went on the lands and found "them so circumstanced that a division thereof cannot be made without manifest prejudice to the proprietors of the same," and pray to be discharged.

Thereupon the court ordered said lands to be sold at public vendue, one-half to be paid down, and the balance in one year, with six per cent. interest.

The commissioner sold two tracts of the land together, for $2,050, and one tract separately for $900, making $2,950, to Seth Gates, who is made a defendant in this case, and reported to the court the time, place and manner of such sale.

The court entered a decree confirming such sale, a portion of which is as follows:

"And the deed now shown to the court is approved, and the title in fee to said lands, passed thereby, is hereby confirmed in Seth Gates.

"And the court doth further order and decree, that it being shown, to the satisfaction of the court, that the age of said Jane Francisco is sixty years, and of Louisa thirty-four years, the sum of $800 be paid by the said Orla C. Richardson to the said Jane Francisco, in full satisfaction of all her interest, legal and equitable, in and to said lands." The decree then provides for paying the other parties, and concluded thus: "And that said payments be held and regarded as full satisfaction to the said parties respectively, of all their rights and interests, both legal and equitable, as well those in hand and possession and existence, as those inchoate and in expectancy; and that all of said parties, so to receive said sums of money, are and shall ever hereafter be barred and estopped from setting up any claim to said lands by, through, or under any right or title owned or had by them at the date of this decree.

"And the court doth further order, that the title-papers of said lands shall by the said Jane Francisco, which were in her possession, to the said Seth Gates, and that she deliver up possession of the said lands described in the amended petition in this case, which are occupied by her, to the said purchaser."

H. M. WEAD, for Plaintiffs in Error.

G. F. HARDING, for Defendants in Error.

BREESE, J. The petition filed in this cause, was for the partition of certain lands, subject to certain rights of dower therein. The prayer of the petition is for partition, and "that the life estate of the different parties entitled thereto, be set off to them in the premises, and that in case a partition

cannot be made without prejudice to the respective owners, a a sale of said lands be ordered," etc. There is no prayer that the dower of the widow be assigned her, although there is an allegation in the petition that she is endowable of all the lands.

A default was taken, and the matter of the bill referred to the master in chancery, to take proofs and report. This report found the facts stated in the petition to be true, and that appellant, Jane Francisco, was the widow of the deceased owner of the land. The court thereupon decreed that a partition should be had, and that the whole of the lands described in the petition was subject to the dower of the appellant Jane, and appointed three commissioners to make partition of the lands.

The commissioners reported that the lands were so circumstanced, that a division could not be made without manifest prejudice to the proprietors ; whereupon the court ordered the lands to be sold by a commissioner at public vendue, one-half to be paid down, and the balance in one year at six per cent. interest. The commissioner made the sale and reported the result to the court, whereupon, at the March term, 1857, the court entered a decree confirming the sale, and did further " order and decree, that it being shown to the satisfaction of the court that the age of said Jane Francisco is sixty years, and of Louisa thirty-four years, the sum of $800 be paid by the said Orla C. Richardson to the said Jane Francisco, in full satisfaction of all her interest, legal and equitable, in and to said lands." The decree then provides for paying the other parties, and concludes thus : " And that said payments be held and regarded as full satisfaction to the parties respectively, of all their rights and interests, both legal and equitable, as well those in hand and possession and existence, as those inchoate and in expectancy ; and that all of said parties, so to receive said sums of money, are and shall ever hereafter be barred and estopped from setting up any claim to said lands by, through or under any right or title owned or had by them at the date of this decree. And the court doth further order, that the title papers of said lands shall be delivered by the said Jane Francisco, which were in her possession, to the said Seth Gates,

and that she deliver up possession of the said lands described in the amended petition in this case, which are occupied by her, to the said purchaser."

This decree is erroneous, for several reasons. The bill does not seek to have the dower of the appellant assigned to her, or extinguished by the payment of a sum of money in gross. That is not the scope of the bill. Where the court derived its authority to decree to her a specific sum of money in lieu of dower, we cannot understand. The statute on this subject does not so provide. In this case, the court had nothing to do with the question of dower—it was not before the court for adjudication. The order of sale should have protected the rights of the widow to her dower, by directing the land to be sold subject thereto. Nor can we understand how or why the court happened to fix upon the sum of eight hundred dollars, as the value of the dower. There was no evidence or proof on that point. That the widow should be forced to take any fanciful sum a judge might direct, in lieu of her dower, would be a species of injustice having no warrant in law or equity.

As we understand our statute, and the rights of a widow under it, she cannot be deprived of her dower except by her own act. If she applies to have it set off to her by metes and bounds, and the commissioners shall report that it cannot be done without prejudice to the estate, a jury must be empanneled to inquire of its yearly value and assess the same, and the court upon this finding, must render judgment that there be paid to her the sum so found, on a certain day in each and every year, during her natural life. (Scates' Comp. 151.) This decree is in the face of the statute, and must be reversed.

*Decree reversed.*