<hr />

## JAMES A. CUMMINS

### v.

## WILLIAM HOLMES ET AL.

1. TIME—How COMPUTED.—Where the particular period sought is to begin or be computed " from " or " after " some recognized division of time, the date of beginning is to be excluded in making the computation.

2. CONFESSION OF JUDGMENT.—Where a power of attorney to confess judgment on a note authorized judgment to be taken " at any time hereafter," a judgment entered upon the day on which the power of attorney was executed, is valid.

Cummins v. Holmes.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding. Opinion filed August 8, 1882.

Messrs. PEPPER & WILSON, for appellant; that when justice requires, fractions of a day will be regarded, cited Grosvenor v. Magill, 37 Ill. 239; Brainard v. Bushnell, 11 Conn. 23.

In all cases where the act is referred to, the day of doing the act is included: Wood v. Commonwealth, 11 Bush, 220; Handley v. Cunningham, 12 Bush, 402; Arnold v. United States, 9 Cranch, 104; Atkins v. Sleeper, 7 Allen, 407.

Change of possession to be good against third parties must be real, actual and open: Wright v. Grover, 27 Ill. 426; Ticknor v. McClelland, 84 Ill. 471; Thompson v. Wilhite, 81 Ill. 356; Davis v. Ransom, 18 Ill. 396; Thompson v. York, 21 Ill. 73; Lewis v. Swift, 54 Ill. 436; Sutton v. Ballou, 56 Iowa, 517.

A joint possession or constructive possession will not avail: Sumner v. Dalton, 58 N. H. 285; Flagg v. Pierce, 58 N. H. 348; Crandall v. Brown, 18 Hun, 461; Nat. Bank v. Sprague, 20 N. Y. 13; Porter v. Parmly, 52 N. Y. 185; Bullis v. Montgomery, 50 N. Y. 352.

Messrs. BASSETT & WHARTON, for appellees; that where an act is to be performed after a certain time, the day of the commencement of the time is to be excluded, cited Waterman v. Jones, 27 Ill. 54; White v. Jones, 38 Ill. 163; Ewing v. Bailey, 4 Scam. 420; Vairin v. Edmonson, 5 Gilm. 270; Ins. Co. v. Palmer, 81 Ill. 88; The People v. Hatch, 33 Ill. 9; Higgins v. Halligan, 46 Ill. 173; Roan v. Rohrer, 72 Ill. 582; Bowman v. Wood, 41 Ill. 203; Fuller v. Russell, 6 Gray, 129; Wiggins v. Peters, 1 Met. 129; Henry v. Jones, 8 Mass. 453; Butterick v. Holden, 8 Cush. 233; Seekonks v. Rehoboth, 8 Cush. 373; Farwell v. Rogers, 4 Cush. 466; Clark v. Flagg, 11 Cush. 540; Warren v. Slade, 23 Mich. 1; Weeks v. Hall, 19 Conn. 380: Butts v. Edwards, 2 Denio, 166; Sheets v. Selden, 2 Wall. 190; Bank v. Burkhardt, 100 U. S. 689.

A chattel mortgage providing that the mortgagor may re-

tain the property and sell in the usual course of trade, is void as to creditors: Davis v. Ransom, 26 Ill. 100; Badger v. Batavia, 70 Ill. 302; Upton v. Craig, 57 Ill. 257.

If the mortgagee obtains possession under such a mortgage before third parties acquire rights, he will have the superior title: Reed v. Wilson, 22 Ill. 377; Constat v. Matteson, 22 Ill. 546; Barnett v. Fergus, 51 Ill. 352.

Where a mortgagee has obtained possession, he may employ the mortgagor to act as his agent in selling the prop- erty: Donland v. Bradley, 66 Ill. 412; Funk v. Staats, 24 Ill. 623; Cunningham v. Hamilton, 25 Ill. 228; Brown v. Riley, 22 Ill. 45.

Pleasants, J. This cause was tried by the court below without a jury, and judgment was rendered for the plaintiff. Appellant, who was the sheriff, levied on some goods appar- ently in possession of the execution defendant as his property.

Appellees replevied, claiming under a chattel mortgage. It contained a provision which in terms reserved the right to sell in due course of retail trade, making it void as against creditors; but was good between the parties, and appellees claimed, first, that the execution was void for want of a valid judgment, and second, that they had taken possession before it came to the hands of the officer.

The judgment had been entered upon confession by attor- ney in vacation, under a power bearing date the same day, and declaring when it might be executed in these words: " in term time or vacation at any time hereafter."

It was held that the language excluded the day of the date, and hence, that the confession on that day was unauthorized.

In cases of this character, which can arise only upon a statute or other instrument or express agreement, whereby an interest is to vest or an act is to be done within a time des- ignated—the particular period intended, if uncertain of itself, is to be ascertained by its relation to a time that is certain or can be made so by proof; and this will depend upon the con- struction given to the terms used to fix that relation or to those employed to designate the time from which, by such relation, it is to be ascertained.

The former are generally " from " or " after " or both, which present the question whether they include or exclude the time last referred to; and the latter, if they do not specify that time in terms, fix it by reference to some act or event, and then the question is, whether only the instant of its occurrence or the whole of that day is intended.

From the many cases cited on the argument and those referred to therein, it appears that the differences among them, as affecting the point under consideration, relate to the definiteness or indefiniteness as to the duration of the time to be ascertained, or to the mode of designating that from which it is to be ascertained, according to which they may be grouped in three classes:

First.    Where the particular period sought, whether definite or indefinite, is to begin or be computed "from" or "after" some recognized division of time *eo nomine* or its equivalent, as " twenty days " or any time after "date," which is held to be equivalent to the day of the date.

Where it is after a time so specified there would seem to be no room for construction, nor any difficulty in arriving at the meaning from the natural import of the term, since what is expressed to be after can hardly be understood as intended to include what is during or on it.

The term " from " or " from and after " may not be so clear, as in Higgins v. Halligan, 46 Ill. 173.    But in both these cases the rule is well settled that the time so specified is excluded, unless a contrary intention appears.    Ewing v. Bailey, 4 Scam. 420; Waterman v. Jones, 28 Ill. 64; White v. Jones, 38 Id. 159; Bowman v. Wood, 41 Id. 203; Protection Life Ins. Co. v. Palmer, 81 Id. 83; Bigelow v. Wilson, 1 Pick. 494; Bemis v. Leonard, 118 Mass. 502; Cornell v. Moulton, 3 Denio, 12; Sheets v. Selden, 2 Wall. (U. S.) 177, 189.

Second.    Where a definite period is to be computed from or after an act or event, as where an appeal bond is required to be filed within twenty days after the rendition of judgment, and the like.

Here the event is used to fix a point of time.    For general purposes the law regards a day, which is a continuous

period of twenty-four hours commencing at midnight, as the unit of measure and takes no note of its fractions; or, perhaps more accurately, as a point, and therefore indivisible. Hence the time so designated is in general the whole of the day on which the event occurs.

In this class it appears that in Kentucky the day is included. Woods v. The Commonwealth, 11 Bush, 220, and Handley v. Cunningham, 12 Id. 402, following some early English cases, which, with dicta in others here, are reviewed in Bemis v. Leonard, *supra ;* but as is shown by the authorities above cited, the rule now established in England and generally in the United States, is otherwise. See as to this State, besides the Illinois cases *supra,* Vairin v. Edmonson, 5 Gilm. 270; Roan v. Rohrer, 72 Ill. 582.

It is, however, not inflexible, but yields to the intention as manifested by other parts of the instrument or by the whole taken together, by the concurrent acts and declarations of the parties, and by all circumstances tending to show it. Higgins v. Halligan, Bigelow v. Wilson, Bemis v. Leonard above cited. Nor is the legal fiction that a day is an indivisible point of time always adherred to. Ordinarily it works no injustice, but is useful for convenience and often necessary for certainty of computation.

For if the definite period sought were to be computed from a particular moment in the day, it would expire at the same moment of the last day; and since the question whether an act was done within the time would never arise except when it was very near the limit, according to any admissible rule of computation, it might be difficult and hazardous to find the fact either way.

The usual difference of watches or the merest guessing of witnesses without watches as to the instant when the event occurred, from which the computation was to be made, might wrongfully and yet unavoidably defeat or effectuate a tender or other act on which important rights depended. This uncertainty and the injustice so easily possible as a result to either party, are avoided by means of the fiction in question, which is fair and protecting to both alike. For this reason,

in such cases, the reckoning generally made is by entire days. Cornell v. Moulton, 3 Denio, 15. But obviously it has no application to a time of indefinite duration; and even where it is definite an exception is made and the fraction of a day regarded if the parties have so agreed, as in Grosvenor v. Magill, 37 Ill. 239, or in the absence of such agreement, if the ends of justice demand it, as where the priority of one legal right over another depends upon the order of events occurring on the same day. Brainard v. Bushnell, 2 Conn. 23; Westbrook Manuf'g Co. v. Grant, 60 Me. 88 (11 A. Rep. 181.); First National Bank v. Burkhard, 100 U. S. 689.

The case at bar, however, comes strictly within neither of the classes above mentioned, but rather within the third and only remaining cne, viz.: that in which the beginning of a time of indefinite duration is fixed by an act or event. To such we perceive no reason and are aware of no authority for the application of the rule contended for. No computation is required, and hence no rule for computation. The only problem being to find the *terminus a quo,* if it is clearly fixed by the instrument the occurrence of a fraction presents no difficulty and furnishes no occasion for resorting to construction, legal fictions or artificial reasoning. Here the event employed to fix it was of such a character as to leave no room for doubt about its occurrence or question as to the time. No possible construction could involve the danger of a retroactive operation, and the natural import of the language was that the confession might be made at any hour or moment after the delivery of the power.

That such was the intention is also shown by the object in view and the concurrent acts of the parties. That object was the security of an execution lien at the earliest moment possible. The sheriff was on the premises with his writ within an hour, and yet the mortgagee under advice from the debtor given after he delivered the power of attorney, had preceded him. All understood that immediate judgment was authorized.

If the language of the instrument were ambiguous it should be construed most favorably for the beneficiary, and against

the party who executed it and is therefore presumed to have chosen that language.    Walker v. Kimball, 22 Ill. 539; Mc-Carty v. Hall, 24 Id. 343; Massie v. Belford, 68 Id. 290; Richardson v. The People, 85 Id. 499.

Of all the cases cited or discovered, the only one directly in point, that is, in which a time of indefinite duration was fixed by an act or event, is that of The First National Bank v. Burkhard, 100 U. S. 689.    There the defendant during bank hours executed an agreement " to guarantee and make good to said bank any sum or sums which may hereafter be held against I. C., not exceeding $50.000."

Earlier on the same day a check drawn by said I. C., had been deposited in the bank by the payee.    Evidence was introduced to show a custom, known to those who dealt with it, not to receive absolutely any check so deposited until the close of bank hours, and there was also evidence to the contrary.

The jury were instructed that it was for them to find from the evidence whether it was so received before or after the execution of the agreement, and that if after, although on the same day, the plaintiff was entitled to recover; and the Supreme Court, while recognizing the legal fiction and rule of exclusion on the computation of a definite period from or after an event, held the instruction clearly proper.

We are of the opinion that the circuit court erred in excluding the judgment and execution.

It does not appear how it found upon the question of possession, nor was it material after the ruling here reviewed. We therefore refrain from comment upon the evidence on that subject, but for the error indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.