## George S. Sloan

### v.

### Nony Williams *et al.*

*Filed at Ottawa May 13, 1891.*

1. SPECIFIC PERFORMANCE—*when enforced—judicial discretion.* The granting of the specific performance of a contract is a matter of sound judicial discretion, controlled by established principles of equity, and exercised upon a consideration of all the circumstances of each particular case. Such discretion will not ordinarily be exercised in favor of the specific performance of contracts for personal service.

2. SAME—*husband's contract—widow's dower.* When a husband makes a written contract for the sale of land in which his wife does not join, and after receiving full pay dies before making a deed, the statute authorizes a court of chancery to make an order compelling his executor or administrator to execute and deliver a deed to the purchaser; but the widow can not be compelled to join in such deed, so as to release her dower in the premises. She can not be deprived of her dower otherwise than by her voluntary act, in the mode specified by the statute.

3. CONTRACT FOR PERSONAL SERVICES—*power of substitution.* A party who agrees to perform personal services for another, requiring skill, science or peculiar qualifications, and has been contracted with by reason of the trust and confidence placed in him and his abilities, can not, while the contract is still executory, substitute another in his place by assignment, in order to perform the service, without the assent of the other contracting party.

4. SAME—*after performance—assignment of right to recover.* After the contract has been executed by the person agreeing to perform such personal service or exercise such personal skill, he may assign his right to recover compensation therefor. But he may not do this while any part of his services still remains to be rendered.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

Mr. H. H. ANDERSON, for the appellant.

Mr. JOHN M. HAMILTON, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill originally filed in the Superior Court of Cook County on February 7, 1888, by the appellant against one John Williams for the specific performance of a contract for the conveyance of land. On March 26, 1888, the death of John Williams was suggested, and, he having died intestate, a supplemental bill was filed making his widow, heirs and administratrix parties defendant. A demurrer filed to the supplemental bill was sustained, and final decree entered dismissing the bill for want of equity.

On March 11, 1885, a written contract was entered into between George A. DuPuy, an attorney at law, and the said John Williams, by the terms of which DuPuy agreed to take all such steps as might be necessary to perfect the title of Williams to certain lots in Ravenswood, in Cook County, by filing bills to remove clouds, procuring releases, holding possession by repairing fences and posting saleboards, etc., and to do all the work incident to carrying out the contract, and that he should not receive any remuneration of any sort except that he should have the option to buy or sell said lots as therein set forth, and should not be required to furnish any money; and Williams agreed to furnish money to discharge liens, redeem from tax sales, pay trustee's charges, and costs necessary to set aside tax titles, and that DuPuy, in consideration of the services to be rendered by him, should have the sole privilege of purchasing any one or more of said lots, or of effecting a sale of any one or more of them to such party as he might desire, at the price of $500.00 each, for the space of 18 months from the time when everything necessary to make

the title perfect in Williams shall have finally been done, said price to be paid in cash, or one quarter thereof in cash and the balance in three years, and to be secured by mortgage on the premises, or "said sale may be upon any other terms which said John Williams may deem satisfactory to himself." The contract also contains provisions that Williams will pay all taxes and special assessments due when the sale is made, and will furnish to the purchaser an abstract of title, and will convey said lot or lots by deed covenanting against his own acts, and containing "usual release of all right of dower and homestead which any person may have in any one or more of said lots so sold."

The bill sets forth the contract in full, and alleges that, on December 23, 1886, DuPuy for value received duly assigned in writing to the complainant, Sloan, all his right, title and interest in said contract, and rights and benefits thereunder, and that, by virtue of such assignment, all the rights and interests of DuPuy accrued to the complainant. The bill further avers, that Williams was bound, under the agreement and the assignment thereof, on the payment or tender to him of $500.00 to convey to complainant by deed, "which should contain the usual release of all right of dower and homestead, which any person might have in or to said lot;" that, at different times in the spring and summer of 1887, complainant tendered to Williams, in his own name and in that of DuPuy, said sum of $500.00 and demanded that he furnish an abstract of title, "and also that he so deliver to your orator such a deed as above specified." The bill also offers to bring the $500.00 into court in payment for "the said conveyance as aforesaid."

The main ground of objection to the bill is, that the contract which it seeks to enforce is one which calls for the personal services and skill of one of the parties thereto, and, therefore, is not assignable. We think that this objection is well taken, and that the demurrer to the bill was properly sustained. DuPuy was a lawyer by profession, and, by the terms

of the contract, was required to make use of his professional skill in perfecting the title to the lots by instituting and carrying on legal proceedings to remove clouds, by procuring releases, and by the use of other methods.

The contract itself upon its face does not provide for any assignment of it. It is well settled, that "contracts in which the personal acts and qualities of one of the contracting parties form a material ingredient are, in general, not assignable." (2 Chitty on Contracts—11th Am. Ed.—page 1363). Engagements for personal services requiring skill, science or peculiar qualifications may not be assigned. (*Devlin* v. *Mayor*, 63 N. Y. 8.) A party, who thus agrees to use his personal skill and knowledge, and has been contracted with by reason of the trust and confidence placed in him personally, cannot, while the agreement is still executory, substitute another in his place by assignment, in order to perform the service, without the consent of the other contracting party. (*Flanders* v. *Lamphear*, 9 N. H. 201; *Bethlehem* v. *Annis*, 40 id. 34; *Berger* v. *Rice*, 3 Ind. 125; 3 Pom. Eq. Jur. sec. 1275, note 2.)

The granting of the specific performance of a contract is a matter of "sound judicial discretion, controlled by established principles of equity and exercised upon a consideration of all the circumstances of each particular case." (3 Pom. Eq. Jur. sec. 1404.) Such discretion will not ordinarily be exercised in favor of the specific enforcement of contracts for personal services. (3 Parsons on Cont. marg. page 367; Fry on Specific Perf.—3 ed.—pp. 43 and 96; *Sturgis* v. *Galindo*, 59 Cal. 28.)

It is true, that, after the contract has been executed by the person agreeing to perform such personal services, or exercise such personal skill, he may assign the right to recover compensation. (3 Pom. Eq. Jur. sec. 1275, note 2 *supra*.) But the bill in the present case is indefinite in its allegations as to the complete performance of the contract by DuPuy before the assignment of it to Sloan. The contract requires steps to be taken to perfect the title of five lots. The right to purchase

any one of the lots for $500.00 was dependent upon the final securement of a perfect title to them all. The bill alleges that the title to one of these lots was "under a cloud by certain tax sales and alleged tax titles," and that a bill in chancery was filed against "the pretended owner of the said pretended tax titles for the purpose of removing the same." · It does not appear from the bill, that the decree which was obtained was a decree removing the tax titles from all the five lots. Nor does it sufficiently appear from the allegations of the bill that there were no other clouds than tax titles upon the lots in question. The bill shows affirmatively that the assignment was made before the final termination of the proceeding to remove a tax title from one of the lots.

Moreover, the supplemental bill proceeds upon the theory that Mrs. Williams, the widow, was obliged to release her dower in the lot, selected by the appellant, after her husband's death. She did not sign the contract made by DuPuy with her husband. Where a husband makes a written contract, in which his wife does not join, to sell a piece of land, and dies after the payment to him of all the purchase money but before he had executed a deed, the statute authorizes a court of chancery to make an order compelling his executor or administrator to execute and deliver a deed to the purchaser, (1 Starr & Cur. Ann. Stat. page 566; chap. 29 of Rev. Stat. secs. 2 and 3,) but the widow cannot be compelled to join in such deed so as to release her dower in the premises. If the husband has covenanted that his wife's dower shall be released, the heirs may be liable upon the covenant in case the widow enforces her dower right against the premises, (*Bostwick* v. *Williams*, 36 Ill. 65,) but the widow cannot be deprived of her dower otherwise than by her voluntary conveyance thereof in the mode prescribed by the statute. (Rev. Stat. chap. 41, · sec. 16; *Francisco* v. *Hendricks*, 28 Ill. 64.)

The decree of the Superior Court is affirmed.

*Decree affirmed.*