GEORGE A. DUPUY

*v.*

NONY WILLIAMS, Admx. *et al.*

*Filed at Ottawa March 31, 1894.*

1. SPECIFIC PERFORMANCE—*against personal representative—burden of proof.* Under a bill praying specific performance of a contract to purchase land, the burden of proof is upon the complainant to show full performance on his part; and particularly is this so where the suit is brought against personal representatives.

2. CONTRACT—*for purchase of lots—whether severable.* Where one is by contract given the option to buy five lots at $500 each, provided he will, by proper legal steps, perfect the title to the lots, he acquires no right, under such contract, to purchase any one lot at the price agreed until he performs his contract by perfecting the title to all.

APPEAL from the Superior Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. H. H. ANDERSON, for the appellant :

If the part of a contract to be performed by one party consists of several distinct and separate items, and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will be held severable; and the same rule holds where the price to be paid is clearly and distinctly apportioned to different parts of what is to be performed, although the latter is in its nature entire and single. *Johnson* v. *Johnson,* 3 B. & P. 162 ; *Mayfield* v. *Wodsley,* 3 B. & C. 357 ; *Robinson* v. *Green,* 3 Metc. 159 ; *Perkins* v. *Hart,* 11 Wheat. 238 ; *Mechanics' Bank of Peoria* v. *Frazer,* 86 Ill. 133 ; *Lucesco Oil Co.* v. *Brewer,* 66 Pa. St. 351 ; *Robinson* v. *Snyder,* 25 id. 203 ; *Richards* v. *Shaw,* 67 Ill. 222 ; *Graver* v. *Scott,* 80 Pa. St. 88 ; *Gill* v. *Lumber Co.* 151 id. 534.

Mr. JOHN M. HAMILTON, for the appellees :

An option to purchase land may be lost by the neglect of the holder of the option to purchase when he should. *Harding* v. *Gibbs,* 125 Ill. 85.

A party seeking the specific performance of a contract must show that he himself has always been ready and willing to perform.   *Phelps* v. *Railroad Co.* 63 Ill. 468.

Where a party to a contract manifests an intention to abandon it, he cannot be permitted afterwards to treat the contract as in force, and insist upon a performance by the other party.   *Huey* v. *Grinnell*, 50 Ill. 179 ; *Harrington* v. *Hubbard*, 1 Scam. 569.

An administrator can only perform the contract of the intestate by order of the court, according to the statute.   *Smith* v. *Coal Co.* 83 Ill. 498 ; *Jessup* v. *Jessup*, 102 id. 480.

Mr. JUSTICE SHOPE delivered the opinion of the court :

This was a bill in chancery, filed by appellant, in the Superior Court of Cook county, against the heirs and administratrix of the estate of John Williams, deceased, to compel the specific performance of a contract.   In the case of *Sloan* v. *Williams et al.* 138 Ill. 43, this contract is set out according to its legal effect, and, except in so far as necessary to this opinion, need not be repeated here.

The bill alleges that on March 11, 1885, said John Williams was the owner of lot 15, in block 14, in Ravenswood, Cook county, Ill., and, after setting out said contract between complainant and said Williams, that on March 18, 1885, complainant, in a suit in chancery brought for that purpose, obtained a decree removing as clouds upon the title of said Williams to said lot certain tax titles held by one Henry Gage, and that said decree, upon appeal to this court, was affirmed, etc. ; alleges the death of said Williams on March 10, 1888, leaving surviving him Nony Williams, his widow, and her co-defendants in the bill, his children, as his only heirs-at-law ; alleges the due appointment and qualification of said Nony Williams as administratrix of the estate, etc. ; that complainant has elected, and does elect, to exercise his right, under said contract, to purchase the said lot for the sum of $500 ; that he is ready and willing to

pay said sum, tenders the same in court, and has in all things fully performed his part of said contract; alleges service, on September 13, 1888, of notice on said administratrix and her adult co-defendants of intention to bring the bill, etc.; prays that said Nony Williams, as administratrix, be decreed to convey to complainant, by deed, the said lot, according to the terms of said contract and the statute in such cases made and provided, and for general relief, etc. The bill was answered by the adult defendants, denying performance of the contract on the part of complainant, etc. Decree was entered dismissing the bill on final hearing, and complainant prosecutes this appeal.

The bill in *Sloan* v. *Williams, supra,* was predicated upon this same contract, Sloan claiming to be the assignee of Dupuy and entitled to enforce the same, and which, as now shown, was subsequently re-assigned to Dupuy and this bill filed. The contract is set out *in hæc verba* in the bill, and it appears therefrom that Williams claimed an interest in, and to be in possession of, lots 13, 14, 15 and 16, in block 27, and lot 15, in block 14, in Ravenswood, Ill. ; that being desirous of perfecting the title to said lots in himself and of removing all clouds from the same, he entered into said contract with Dupuy; that Williams was to furnish all money necessary to redeem, to pay legal charges and buy in outstanding tax titles, etc., and Dupuy was to take all steps necessary, legal or otherwise, by filing bills to remove clouds from the said title, to procure release, conveyance, etc., to take and hold possession of the lots, and to do all else he was able to do to perfect the title in said Williams. The compensation for the services of Dupuy was to be the right, within eighteen months from the time of perfecting the title, to sell, or purchase himself, the lots at $500 each, as he might elect.

In *Sloan* v. *Williams, supra,* we held that under this contract "the right to purchase any one of the lots for

$500 was dependent upon the final securement of a perfect title to them all," and under the allegations of the bill and facts shown in this case we see no occasion for departing from that construction. The bill in this case, after alleging ownership in fee of lot 15, block 14, in Ravenswood, in Williams, alleges that the title to said lot was on said date, March 11, 1885, under clouds by certain tax sales and alleged tax titles, which rendered said fee simple title unmerchantable, and which prevented said Williams from making an advantageous sale thereof. The bill, as before stated, then sets out the contract, and then follow the allegations, before referred to, of the suit against Gage, "the pretended owner of all of said pretended tax titles," and the decree removing the same. There is not in this bill any allegation, nor was there proof offered at the hearing tending to show, that the clouds upon lots 13, 14, 15 and 16, in block 27, had been removed or the title thereto perfected in Williams. In this respect both bill and proof were defective. In the *Sloan case* we said : "It does not appear from the bill that the decree which was obtained was a decree removing the tax titles from all the five lots. Nor does it sufficiently appear, from the allegations of the bill, that there were no other clouds than tax titles upon the lots in question." The same may be said in this case, both of the bill and the proof offered under it. Nor does it appear that all defects were removed from the title to even the single lot 15, in block 14.

It is too familiar to require citation of authority, that the burden of proof was upon the complainant to show performance on his part; and especially is this so where the suit is brought against the personal representative, under section 3, chapter 29, of the Revised Statutes.

The decree denying the relief and dismissing the bill was properly entered, and will be affirmed.

*Decree affirmed.*