JOSEPH ELLGUTH, Appellant, *vs.* ALBERT G. ELLGUTH
*et al.* Appellees.

*Opinion filed April 19, 1911—Rehearing denied June 7, 1911.*

1. PARTITION—*a party must sue out writ of error if he desires whole case reviewed.* A party to a partition suit who is dissatisfied with the decree establishing and declaring the right, title and interests of the respective parties may not wait until the last order having reference to any of the proceedings is entered and then seek, by appeal, to have the whole case reviewed, as that can only be done by writ of error.

2. APPEALS AND ERRORS—*appeal from an order of distribution in partition does not bring up entire record.* A writ of error sued out after the final order of distribution in a partition case brings up the entire record, but an appeal taken from the order of distribution brings up only the order appealed from and so much of the record as is involved in that order.

3. SAME—*when a decree of sale in partition is not open to review.* A decree of sale in a partition proceeding is not open to review on appeal from a subsequent decree confirming the report of the master upon a re-sale of the premises and directing distribution, since the decree of sale is a final decree on that branch of the case, and must be appealed from directly or the record be brought up for review on writ of error.

4. SAME—*when an order confirming sale cannot be reviewed.* Where the purchaser at a re-sale of premises in a partition proceeding is not made a party to the proceeding or notified of objections to the report of the sale which ask that the sale be set aside, the decree of the court, in so far as it confirms the sale, is not open to review for errors not affecting the jurisdiction of the court, and the only errors which may be reviewed on appeal from the decree are those affecting appellant's interests in the proceeds of the sale.

5. SAME—*effect where decree of distribution refers to a former decree which has been rendered ineffective.* Where a decree confirming the report of a re-sale in partition directs distribution of the proceeds "according to the former orders and decrees of the court," but the only decree containing the directions for distribution has been rendered ineffective because the complainant, who purchased at the sale thereunder, failed to pay the amount of his bid, the second decree will be regarded, on appeal, as though it embodied the provisions of the first decree.

6. SAME—*when the appellant is entitled to complain, on appeal, that dower interest was awarded in gross sum.* A provision in a partition decree that the complainant's dower interest in certain premises "should be figured" on the valuation of the premises fixed by the commissioners does not amount to a finding that the complainant shall be awarded his dower interest in a gross sum, and if the only provision to that effect is in the decree confirming the re-sale and directing distribution of the proceeds, complainant, on appeal from the latter decree, may have such provision reviewed.

7. DOWER—*court cannot compel complainant in partition to accept dower in gross sum.* Under section 39 of the Dower act, if the commissioners in a partition proceeding report that complainant's dower cannot be assigned by metes and bounds, it is the duty of the court to decree that dower be assigned out of the rents, issues and profits of the premises, to be had and received by complainant as tenant in common with the owners of the premises, or to empanel a jury to fix the yearly value of such dower; and the court cannot compel complainant to accept dower in a gross sum.

8. COSTS—*when an allowance of costs is improper.* It is error for the court, in a partition case, to allow the solicitor's fees and stenographer's fees directly to the solicitor and the stenographer, and also to allow such fees as costs, without proof of their reasonableness, and the error may be availed of on appeal from the decree of distribution, where no other order or decree making such allowance was entered by the court.

9. SAME—*costs in a partition proceeding should be assessed in proportion to interests of parties.* The costs in a partition proceeding should be assessed against each of the parties in proportion to his interest.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

MATTHEW J. HUSS, for appellant.

FRANK FOSTER, and LYMAN M. PAINE, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellees filed their bill in the superior court of Cook county to set off the dower of Joseph Ellguth, appellant, in the premises known as 8700 Erie avenue and the undivided one-half of the premises known as 8700 Commercial avenue,

in the city of Chicago. Thereafter appellant filed his bill in the circuit court of Cook county for the partition of the premises known as 8700 Commercial avenue. These two suits were consolidated in the circuit court, and the superior court bill was ordered to stand as a cross-bill to the bill of appellant for partition. Appellant owned the undivided one-half of the premises known as 8700 Commercial avenue, had a dower interest in the other undivided one-half and a homestead in the whole, and also had a dower interest in the premises known as 8700 Erie avenue. A decree of partition was entered finding the interests of the parties in the real estate as stated and appointing commissioners to assign dower and homestead and make partition. The commissioners reported, finding the premises not susceptible of partition and appraising the premises at 8700 Commercial avenue at $7000 and the premises at 8700 Erie avenue at $5250. Appellant filed his written assent to the sale of the premises at 8700 Commercial avenue free of his dower and homestead. Decree followed, whereby the master was ordered to sell the premises at 8700 Commercial avenue free and clear of the dower and homestead rights and interests of appellant and that the dower interest of appellant in the premises at 8700 Erie avenue should be computed upon the valuation of $5250, as fixed by the commissioners. Pursuant to this decree the master sold the premises at 8700 Commercial avenue to appellant for the sum of $6050. Appellant having failed to pay to the master the sum bid for the premises the sale was set aside and the premises ordered resold, appellant to pay the expense of the re-sale and to be charged with any loss arising therefrom. Appellant prayed and perfected an appeal from this order to the Appellate Court for the First District, but that appeal was dismissed for failure of appellant to file a transcript of the record in time. Pursuant to the order for re-sale of the premises the same were sold by the master to one Stanley Boguszewski for the sum of $4800. Appellant filed objections to

the report of this sale by the master and asked that the sale be set aside. The objections were overruled, report of the master approved and the master directed to execute and deliver deed to the purchaser. This decree also contained an order for payment of costs and for distribution of the proceeds of the sale. From this decree appellant prayed and was allowed an appeal to this court.

Appellant assigns error on the whole of this record and insists that this appeal brings up the whole record for review. Appellees contend, on the other hand, that the only matter presented for review by this appeal is the order of the court approving and confirming the sale by the master in chancery and directing the issuance of a deed and for distribution, and have confined their brief and argument to that question alone.

Appellant, in support of his contention that the whole record is here for review, cites the case of *Carter v. Penn,* 99 Ill. 390. That was a writ of error sued out of this court to bring up for review the record of the circuit court of St. Clair county. A writ of error sued out after the final order of distribution in a partition case brings up the entire record for review, but an appeal taken from the order of distribution does not bring up the entire record for review, but presents for the consideration of the court to which the appeal is taken, only the order appealed from and so much of the record as is involved in that order. (*Drummer Creek Drainage District v. Roth,* 244 Ill. 68.) A party dissatisfied with a decree in a partition suit which establishes and declares the right, title and interest of the respective parties may not wait until the last order having reference to any of the proceedings in the case is entered and by an appeal therefrom bring the whole case up for review. That can only be done by writ of error. If he is dissatisfied with the decree of the court as to the extent of his interests or as to any other matter affecting the title to the land and has a right to appeal, he is required to exer-

cise that right at that time, and he cannot, by appealing from a subsequent order, bring up for review a former decree which was final in its nature. *Rhodes* v. *Rhodes,* 172 Ill. 187; *Crowe* v. *Kennedy,* 224 id. 526; *Piper* v. *Piper,* 231 id. 75.

This appeal is from the decree confirming the master's report of sale and ordering distribution, and we are therefore necessarily limited to a consideration of the questions involved in the entry of that decree; and by reason of the fact that Stanley Boguszewski, the purchaser at the re-sale, was not made a party to the proceedings, or, so far as this record shows, notified of appellant's application to have the sale set aside, we are further limited to a consideration of questions which do not affect the validity or regularity of the sale to Boguszewski. If appellant desired to insist upon errors, not affecting the jurisdiction of the court, which could only be remedied by setting aside the sale, it was indispensable that Boguszewski, the purchaser, should be notified and made a party. (*Schulz* v. *Hasse,* 227 Ill. 156.) The action of the court in confirming the sale to Boguszewski must therefore be sustained.

Appellant is, however, entitled to a review of all alleged errors in the decree which affect his interests in the proceeds of sale. The decree with reference to the distribution of such proceeds is exceedingly vague and uncertain. It provides that the master shall "distribute the proceeds of said sale according to the former orders and decrees of this court." The only former order or decree in the cause relating to distribution was the decree which was entered November 11, 1909, upon the approval of the sale to appellant. That decree was, however, rendered ineffective by appellant's failure to pay to the master the amount of his bid, and the provisions relating to the distribution of the proceeds of that sale could not control the distribution of the proceeds derived from a subsequent sale of the premises. The action of the court in directing the master to

distribute the proceeds derived from the re-sale "according to the former orders and decrees of this court," must be regarded in the same manner as though the former decree had never been entered and the court had, instead of ordering distribution as provided in that decree, embodied the same provisions in the decree from which this appeal has been prosecuted as were contained in the decree of November 11, 1909.

The former decree, after finding that the sale to appellant had theretofore been made, reported and confirmed, and that the master had in his possession $5050, being the proceeds of sale less an encumbrance of $1000 on the premises sold, directed the master to pay, first, to David Eichberg, solicitor for complainants, $32.75, taxed as costs of suit; second, to the commissioners (naming them) $20 each; third, to Frank Foster, solicitor for defendants, $3 appearance fee; fourth, to I. H. Weiner, reporter, $30; fifth, to David Eichberg, solicitor for complainants, as solicitor's fee, $400; sixth, that the master retain his fees, commissions and disbursements, amounting to $166.50; seventh, to Joseph Ellguth, as and for his dower interest in premises known as No. 8700 Erie avenue, $904; eighth, to Joseph Ellguth, as and for his dower interest in the one-half of the premises known as No. 8700 Commercial avenue, $375; ninth, to Joseph Ellguth, as and for his homestead estate in the one-half of premises known as No. 8700 Commercial avenue, $262.50; tenth, to Joseph Ellguth, the owner of one-half of the premises sold, $1932.75; and eleventh, to the seven children of Mary Hermine Ellguth, deceased, (naming them,) each $126.24. Appellant complains of the action of the court, first, in attempting by the decree of distribution to compel him to accept the sum of $904 out of the proceeds derived from the sale of the premises at 8700 Commercial avenue in lieu of his dower interest in the premises at 8700 Erie avenue; second, in allowing solicitor's and stenographer's fees directly to the solicitor

and stenographer and without proof of the reasonableness of the allowances; and third, in assessing an unjust proportion of the costs against him.

With reference to the first complaint, the court, by the decree of partition, found that appellant was entitled to dower in the premises at 8700 Erie avenue and directed the commissioners appointed by that decree to assign such dower to him. The commissioners reported that the dower could not be assigned by metes and bounds, and fixed the value of the premises at $5250. After ordering a sale of the premises at 8700 Commercial avenue, the court by the same decree again found that appellant had a dower interest in the premises at 8700 Erie avenue and that the commissioners had appraised the value of those premises at $5250, and "that said Joseph Ellguth's dower interest therein should be figured on said valuation." This finding of the court that appellant's dower interest in the premises at 8700 Erie avenue "should be figured" on the valuation of the premises as fixed by the commissioners does not amount to an adjudication that appellant should be awarded a gross sum in lieu of such dower interest, and as no further order was made with reference thereto until the entry of the order of distribution, by which the master was directed to pay to appellant, out of the proceeds derived from the sale of the premises at 8700 Commercial avenue, the sum of $904 as and for his dower interest in the premises at 8700 Erie avenue, appellant upon this appeal is in a position to complain of the action of the court in awarding him a gross sum in lieu of his dower in the premises at 8700 Erie avenue. Section 39 of the Dower act provides that "in all cases where the estate cannot be divided without great injury thereto, the dower may be assigned of the rents, issues and profits thereof, to be had and received by the person entitled thereto as tenant in common with the owners of the estate, or a jury may be empaneled to inquire of the yearly value of the dower therein, who shall assess

the same accordingly, and the court shall thereupon enter a decree that there be paid to such person as an allowance in lieu of dower, on a day therein named, the sum so assessed as the yearly value of such dower, and the like sum on the same day of each year thereafter during his or her natural life." This statute is clear and unambiguous, and required the court in this case, when the commissioners reported that dower could not be assigned by metes and bounds, to decree that appellant's dower be assigned of the rents, issues and profits from the premises, to be had and received by him as tenant in common with the owners of the estate, or to empanel a jury to fix the yearly value of such dower. The statute confers no authority upon a court to compel the person entitled to dower to accept a gross sum in lieu thereof. (*Francisco* v. *Hendricks,* 28 Ill. 64.) The decree of distribution is therefore erroneous in directing the master to pay to appellant the sum of $904 as and for his dower interest in the premises at 8700 Erie avenue.

Appellant also complains of the action of the court in allowing solicitor's and stenographer's fees directly to the solicitor and stenographer, and also in allowing such fees without proof of the reasonableness of the allowance. Both of these objections are well taken, (*McMullen* v. *Reynolds,* 209 Ill. 504,) and are properly presented upon appeal from the decree of distribution, as the court had not by any other order or decree made any allowance in favor of the solicitor or stenographer.

It is next contended that the court assessed an unjust proportion of the costs against appellant. The amount of the costs assessed against him is not stated in the decree and can only be determined from the distribution which the master was directed to make. It appears therefrom that the total costs directed to be paid out of the proceeds of sale amount to $692.25, of which it is apparent $592.25 has been assessed against appellant by directing the master to pay him $592.25 less than the sum which he would have

received from the proceeds of sale, as the owner of one-half of the premises, had no costs been assessed against him. This was error. The costs should be assessed against each of the parties in proportion to his interest.

That portion of the decree confirming the master's report of sale is affirmed and that portion providing for distribution is reversed, and the cause is remanded to the circuit court with directions to charge Joseph Ellguth with the costs of the re-sale and the loss occasioned thereby, and to enter an order of distribution of the proceeds of that sale not inconsistent with the views herein expressed.

*Reversed in part and remanded, with directions.*