## Claude D. Price, Appellee, v. Pan-American Motors Corporation, Appellant.

ASSIGNMENTS, § 1*—*when contract is not assignable.* A contract for film advertising between a corporation and an individual whereby the latter is authorized to alter the copy submitted by the corporation in order to produce the most advantageous publicity effect and to utilize the suggestions to the limits and possibilities of "Filmad," entitles the corporation to rely upon his judgment, taste and skill in utilizing such suggestions and cannot be assigned by the individual to a third person without the corporation's consent, and no recovery can be had against the corporation by one to whom such unauthorized assignment has been made.

Appeal from the Circuit Court of Macon county; the Hon. JOHN H. McCOY, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed April 27, 1920.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Price v. Pan-American Motors Corp., 217 Ill. App. 526.

JAMES T. WHITLEY, JOHN R. FITZGERALD and JOHN A. WALGREN, for appellant.

WILEY & MOREY, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

T. R. Shaw, of the City of Decatur, Illinois, doing business under the name of "The Shaw Film Advertising Service," entered into a written contract with appellant June 11, 1917. By this contract Shaw agreed to display film advertisements on the screens of 7 different theaters in the City of Decatur for a period of 49 weeks, said advertisements to be substantially in accordance with copy submitted by appellant. The contract contains the following provision: "IT IS FURTHER AGREED that the Company may, if it deems necessary, alter copy submitted to produce the most advantageous publicity effect and to utilize the suggestions to the limits and possibilities of Filmad. No objectionable matter will be accepted and wording will be limited to an average of not over (1) word per foot." In consideration of the service therein referred to, appellant agreed to pay Shaw $18.75 each week in advance.

It is averred in the declaration that the contract was carried out in accordance with its terms for a period of 19 weeks when said Shaw on or about January 26, 1918, transferred and assigned his interest in said contract to appellee; that appellee thereafter was ready, willing and able to carry out the requirements of the contract but that appellant without cause refused to further carry out the terms of the same or to furnish copy or to pay appellee the sum of $18.75 for each of the remaining 30 weeks.

Appellant filed a general and special demurrer to the declaration. The special cause of demurrer is that no privity of contract is shown between the parties to

said cause, nor assumption of any obligation on the part of appellant to appellee, nor any breach of any obligation whatsoever. The court overruled the demurrer and entered a judgment *nil dicit* in favor of appellee and against appellant for the sum of $419.70 and costs.

By the terms of the contract, Shaw could alter the copy submitted to produce the most advantageous publicity effect and to utilize the suggestion to the limits and possibilities of "Filmad." This clearly contemplates the performance of the personal services of Shaw and involves the exercise of knowledge, taste and skill. It is a well-recognized rule of law that such contracts are not assignable. In the case of *Sloan v. Williams*, 138 Ill. 43, it was held: "Engagements for personal services requiring skill, science or peculiar qualifications may not be assigned. (*Devlin v. Mayor*, 63 N. Y. 8.) A party, who thus agrees to use his personal skill and knowledge, and has been contracted with by reason of the trust and confidence placed in him, personally, cannot, while the agreement is still executory, substitute another in his place by assignment, in order to perform the service, without the consent of the other contracting party."

In this case appellant contracted with Shaw and had a right to rely upon his judgment, taste and skill in utilizing and displaying the suggestions submitted in order to produce the most advantageous publicity effect and Shaw could not, without the consent of appellant, assign the contract to appellee and thereby create a privity between the latter and appellant. *Eastern Advertising Co. v. McGaw*, 89 Md. 72; 5 Corpus Juris 882, 879; 2 Am. & Eng. Encyc. of Law 1036.

The court erred in overruling the demurrer to the declaration and the judgment is reversed and cause remanded with directions to sustain the demurrer.

*Reversed and remanded with directions.*