CATHARINE STUNZ *et al.*

*v.*

MARIA STUNZ *et al.*

*Filed at Ottawa January 21, 1890.*

1. IMPEACHING DECREE *for fraud—rights of infant defendant.* It is the right of an infant defendant, at any time during his minority, by his next friend or guardian, to file an original bill to impeach a decree which has been rendered against him, either for fraud or for error appearing on the face of the proceedings. He is not bound to proceed by way of rehearing, or by bill of review.

2. SAME—*requisites of the bill.* A bill to impeach a judgment or decree for fraud must specifically state the facts relied on as constituting

the fraud. The pleader is not required to set forth the evidence, but should state the specific facts which go to establish the alleged fraud.

3. APPEAL—*whether a freehold involved—bill to impeach decree of sale in partition.* On bill in chancery to impeach a decree of sale rendered in a suit for partition, and to set aside the sale thereunder, a freehold is involved, so that an appeal from the decree in such suit will lie directly from the trial court to this court.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

This was a bill brought in the name of appellants, Catharine, Louisa and Mina Stunz, by their next friend, against appellees, to set aside, for fraud, a decree obtained by appellees in a certain partition proceeding. The facts in respect of that decree thus sought to be impeached and set aside are stated in *Stunz et al.* v. *Stunz, ante,* p. 210.

The bill in this case sets out what is alleged to be "a true, accurate and complete statement of all the proceedings had in the partition suit, and of all the orders and decrees made and entered of record in said suit," and charges the said orders, decrees and proceedings are erroneous, and should be reversed and set aside for many errors apparent therein, to-wit:

*First*—The court erred in finding and decreeing that said Maria Stunz had any homestead interest or estate whatever in the premises sought to be partitioned, and avers that she was entitled to no interest or estate of any kind, by law.

*Second*—If said Maria Stunz was entitled to any homestead estate or interest in said premises, then the court erred in allowing and decreeing to said Maria Stunz $1000, absolutely, as the supposed value of her homestead estate in the premises. The value of the homestead estate should have been ascertained according to the usual mode of determining the value of life estates in similar cases, or the sum of $1000 should have been invested, and the interest arising therefrom paid to said Maria, leaving the principal for the complainants, at her death.

*Third*—The court erred in awarding and decreeing the entire homestead estate and interest in said premises to said Maria Stunz, and in not allowing any part thereof to the complainants.

*Fourth*—The court erred in awarding and decreeing to said Maria Stunz both a homestead interest and estate in said premises, and a one-third interest in the net income of the said premises during the natural life of said Maria Stunz. If the said Maria Stunz was entitled to any homestead interest in said premises, then she was not entitled to said one-third interest, or any interest, in the net income of said premises.

*Fifth*—The court erred in allowing and decreeing the sum of $882.80 to said Maria Stunz, as the value of her life estate in said premises, said sum being excessive.

*Sixth*—The court erred in allowing and decreeing to said Maria Stunz the sum of $1203.70 as the balance due her upon her widow's award. Said award could not properly or lawfully be considered or adjudicated upon in said partition proceeding.

*Seventh*—The court erred in allowing and decreeing interest to said Maria Stunz upon the balance claimed to be due her for her widow's award. The laws of this State do not permit interest upon a widow's award.

*Eighth*—The court erred in ordering and decreeing the sale of said premises without requiring the assent to said sale of the parties entitled to the homestead estate in said premises, or of their legal representatives.

*Ninth*—The court erred in allowing and ordering the payment of $200 as the fees of the solicitor of said Maria Stunz, complainant in said suit. Under the law of this State, no solicitor's fees could lawfully be taxed or assessed against the infant defendants in said suit.

*Tenth*—The court erred in ordering and decreeing a partition of said premises, subject to the payment to said Maria Stunz of the value of her supposed homestead in said premises, and of the value of her supposed one-third of the net

income of said estate, and subject, further, to the sum alleged to be allowed her by the probate court, to-wit., $1203.70.

*Eleventh*—The court erred in ordering and decreeing a sale of said premises without making said sale subject to the right of your oratrixes to use and occupy the same as a homestead until the youngest of them shall be twenty-one years old. Under the language of said will the court had no power to take away said right from your oratrixes, or any of them.

*Twelfth*—The court erred in ordering and decreeing a sale of said premises without having first taken into view the interests of all parties, for the purpose of determining whether said premises "ought to be excepted from the sale, or sold," and without having first heard evidence in that behalf.

*Thirteenth*—The court erred in allowing and decreeing to said Maria Stunz an absolute estate of homestead. It should have been limited upon the contingency of her remarriage.

*Fourteenth*—The court erred in approving and confirming said master's report filed on said 21st day of November, 1888, as aforesaid.

*Fifteenth*—The court erred in approving and confirming said master's report filed on said 3d day of February, A. D. 1888, as aforesaid.

*Sixteenth*—The court erred in approving and confirming said master's report filed on said 9th day of February, A. D. 1888, as aforesaid.

*Seventeenth*—The court erred in approving and confirming said master's report filed on said 1st day of March, A. D. 1888, as aforesaid.

*Eighteenth*—The court erred in allowing and decreeing to said Maria Stunz a one-tenth interest in said premises, without making the same subject to the homestead right and estate of your oratrixes.

The bill then alleges substantially as follows:

"Your oratrixes further show, that notwithstanding the appointment of said guardian *ad litem* to represent and protect

their interests in said·suit, their interests therein, and in said premises, under and in pursuance of an understanding and agreement theretofore had, and then existing, in that regard between said guardian and said Maria Stunz, were wholly lost sight of and disregarded by said guardian; that said guardian *ad litem,* under and in pursuance of said understanding and agreement, made and offered no opposition whatever ·to any of the proceedings in said suit, but, on the contrary, consented thereto, without paying regard or attention to the rights or interests of your oratrixes, and all such orders and decrees above shown were made and entered of record in said suit *ex parte,* and without any contest or opposition on the part of said guardian *ad litem,* but, on the contrary thereof, with his consent, and on the same day after the filing of the divers master's reports and other documents to which said orders and decrees relate, and upon which the same were founded; that in all of said proceedings, commenced with the filing of said bill of complaint for partition, by said Maria Stunz, and culminated in the sale to her of said premises for said sum of $5100, and the distribution of the proceeds as above shown, the rights and interests of your oratrixes were steadily subordinated, and, in fact, sacrificed, to the interests of said Maria Stunz; that before and at the time of the sale of said premises to said Maria Stunz, the same, with improvements thereon, were fully worth at least $10,000, and produced a monthly rental income of at least $80, as was well known to said Maria Stunz, and that at said master's sale the sum of $10,000 could have been easily procured as the purchase price of said premises, if said Maria Stunz or the said guardian had been at all mindful of the rights of your oratrixes, or diligent in guarding and protecting the same; that said partition proceedings were instituted and said sale brought about by said Maria Stunz with the predetermined intent and for the sole purpose of procuring the title to said premises to vest in said Maria Stunz, and of becoming the absolute owner thereof, and of cheating

and defrauding your oratrixes out of much the greater part of what was justly and equitably due them in respect of their interests in said real estate, and of taking advantage of their helpless condition as infants of a tender age; that there was no necessity of any kind, or any just ground or occasion, for the institution of said partition suit by said Maria Stunz, and the same was instituted by her solely from a base and corrupt motive, to appropriate to herself said real estate and defraud your oratrixes thereof; that by reason of the extreme youth and total inability to comprehend the nature of said proceedings instituted by said Maria Stunz, your oratrixes were ignorant of the pendency, and unable to understand or appreciate the character thereof, and said Maria Stunz carefully, steadily and intentionally withheld all knowledge and notice of the institution and pendency of said proceedings from the relatives of your oratrixes, and all other persons interested in their welfare, the said Maria Stunz then and there well knowing ,(what your oratrixes aver to be the fact) that they, your oratrixes, had relatives on the side of their deceased father, to-wit., an uncle, being a brother of the said deceased, and others, and who, if they had known of the proposed sale of said premises by said master, would have protected and taken proper care of the rights of your oratrixes, and would have seen to it that instead of said property being sacrificed, as it was, at said sale, it would have brought a sum of money commensurate with its actual value; that, as a matter of fact, said relatives and other persons did not learn of the institution or pendency of said proceedings, or of the sale of said premises to said Maria Stunz, until some considerable time afterwards, to-wit., shortly before the filing of this bill of complaint.

"Further show that said commissioners appointed by this court to make partition of said premises and value the same, in case they should find that said premises were so circumstanced that a division thereof could not properly be made, did not perform their duties or obligations in.that behalf,'but,

on the contrary, were grossly negligent in and about performing the same, and in and about valuing said premises, and in and about making their said report to this court; that before and at the time of their so valuing said premises and making said report, as aforesaid, said premises, instead of being worth only $5125, as reported by said commissioners, were fully worth the sum of at least $10,000, and then and there brought a monthly rental income of at least $80, as said commissioners ought to have known and might easily have known and found out if they had taken the trouble to inquire, and shown the least degree of diligence or care in that behalf; that said commissioners, in disregard of their obligations and duty, acted under the direction of said Maria Stunz, and made such valuation of said premises as she suggested, and were influenced and governed by said Maria Stunz in making said valuation.

"Further show that said Carl Stunz, deceased, was possessed of very little property, excepting said real estate; that all of his estate, both real, personal and mixed, owned by him at the time of his death, was said real estate and a small amount of personalty, which was appraised at $136.30 by the appraisers appointed by said probate court of Cook county, and which, at such sum, was taken by said Maria Stunz on account of her widow's award.

"Further show, that by a certain pretended trust deed executed by said Maria Stunz, and dated before the execution of said master's deed to her, to-wit., February 10, 1888, and recorded in said recorder's office at the same time with said master's deed, February 21, 1888, in book 2103 of records, on page 312, said Maria Stunz conveyed said real estate to said William K. Lowrey, as trustee, to secure the payment of a pretended promissory note, alleged to have been made by her, bearing even date with said trust deed, for the sum of $1700, and payable to her own order five years after said date, with interest at the rate of seven per cent per annum, payable half-yearly; that in said trust deed it is, among other things,

stated, that ten coupon interest notes, for the sum of $59.50 each, have been executed by said Maria Stunz as evidence of the interest upon said pretended indebtedness, and that said trust deed has been given and executed to secure the payment of said ten interest notes; that your oratrixes have no knowledge or belief whether the pretended indebtedness secured by said trust deed is genuine or not, and ask, that if the same be genuine, and if said indebtedness actually exists, proof thereof be made at the hearing of this cause, by said Maria Stunz and other parties interested.

"Further show, that it does not appear from said trust deed whether the promissory note, and interest notes pretended to have been secured thereby, have been indorsed by said Maria Stunz, or have been delivered by her, or passed into circulation, and your oratrixes are ignorant of the names of the holders, if any, of said promissory note and interest notes, or any or either of them, and your oratrixes therefore make such holder or holders parties defendant to this bill of complaint, by the name and description of 'Unknown Owners.'

"Prayer that said Maria Stunz, William K. Lowry, Richter, O'Brien, Briling, Becker, Shruff, Engel and said 'unknown owners', may answer this bill of complaint under oath; that said orders, decrees and proceedings in said suit of said Maria Stunz, against your oratrixes and others, and said sale and deed of conveyance of said real estate to said Maria Stunz, be wholly reversed, vacated, annulled and set aside, and no further proceedings be taken thereon; that if it appear, upon a final hearing hereof, that said pretended indebtedness be spurious and a sham, and said promissory note and interest notes are without consideration, and have not passed into the hands of innocent holders for value, then said trust deed to said Lowrey be vacated, annulled and set aside as a cloud upon the title of-said real estate; and that if it appear, upon the hearing. hereof, that said promissory note and interest notes be a valid, *bona fide* and genuine indebtedness, then, in such case, it be

decreed by this court that said trust deed, and the indebtedness secured thereby, shall be a first lien upon and satisfied out of the share and interest of said real estate belonging to said Maria Stunz, if the same be sufficient for that purpose, and that said Maria Stunz be ordered and decreed by this court to indemnify your oratrixes, and them harmless keep from and against such indebtedness, and all costs, charges, damages and expenses on account thereof, and for other and further relief."·

The defendants Lowry and Maria Stunz severally demurred to the bill, which was sustained by the court, and the complainants prosecute an appeal to this court.

Messrs. KRAUS, MAYER & STEIN, for the appellants:

The motion to dismiss the appeal being after joinder in error, is too late. *Dinet* v. *People,* 73 Ill. 183; *Matson* v. *Connelly,* 24 id. 142; *Price* v. *Railroad Co.* 40 id. 44; *McCaull* v. *Lesher,* 2 Gilm. 46.

The bill seeking to set aside sales of land, involves a freehold. *Ebert* v. *Gerding,* 116 Ill. 216; *Bridges* v. *Rice,* 99 id. 414; *Carter* v. *Penn,* id. 390; *Seminary* v. *Gage,* 103 id. 175.

Under our practice, a minor defendant to a bill is entitled to his day in court, whether it is reserved by the decree or not; and he may, at any time during his minority, by his next friend or guardian, file an original bill to impeach a decree against him, either for fraud or for error appearing in the former proceedings. *Lloyd* v. *Malone,* 23 Ill. 43; *Johnson* v. *Johnson,* 30 id. 215; *Kuchenbeiser* v. *Beckert,* 41 id. 172; *Hess* v. *Voss,* 52 id. 472; *Gooch* v. *Green,* 102 id. 507; *Lloyd* v. *Kirkwood,* 112 id. 329.

Mr. JULIUS ROSENTHAL, and Messrs. BARNUM, EVANS & BARNUM, for the appellees:

On bill to review a partition proceeding, the freehold is not necessarily involved. Cruise on Real Prop. 13-15; 4 Kent's Com. 23; *Rose* v. *Choteau,* 11 Ill. 167; *Matthiesen* v. *LaSalle,*

117 id. 422; *Railroad Co.* v. *Watson*, 105 id. 217; *Akin* v. *Cassidy*, 105 id. 22; *McIntyre* v. *Yates*, 100 id. 475.

This is not an original bill, but a bill in the nature of a bill of review, and the use of the word "fraud" does not make it only an original bill. To properly allege fraud in a bill in equity, facts constituting fraud must be shown. *Elston* v. *Blanchard*, 2 Scam. 420; *Roth* v. *Roth*, 104 Ill. 35; Story's. Eq. Pl. secs. 251, 428; 1 Daniell's Ch. Pr. 324.

Mr. William K. Lowry, *pro se.*

Mr. Chief Justice Shope delivered the opinion of the Court:

This was an original bill by appellants, to impeach the decree and proceedings in a partition suit on the ground of fraud, and for error apparent on the face of the proceeding. By the demurrer all the facts well stated in the bill are admitted to be true, and the question of the sufficiency of the bill to authorize the relief sought is presented.

The right of an infant defendant to a bill, at any time during his minority, by his next friend or guardian, to file an original bill to impeach a decree against him, either for fraud or for error appearing on the face of the proceedings, is well established in this court. (*Loyd* v. *Malone*, 23 Ill. 43; *Johnson* v. *Johnson*, 30 id. 215; *Kuchenbeiser* v. *Beckert*, 41 id. 172; *Hess* v. *Voss*, 52 id. 472; *Gooch* v. *Green*, 102 id. 507; *Lloyd* v. *Kirkwood*, 112 id. 329). The minor defendant is entitled to his day in court, whether it is expressly reserved by the decree or not. He is not bound to proceed by way of rehearing, or by bill of review.

A bill to impeach a judgment or decree for fraud must specifically state the facts relied on as constituting the fraud. The pleader is not required to plead the evidence, but should state the specific facts which go to establish the fraud. *Elston* v. *Blanchard*, 2 Scam. 420; *Roth* v. *Roth*, 104 Ill. 45; Story's. Eq. Pl. secs. 251, 428; 1 Daniell's Ch. Pl. and Pr. 324.

The first charge of fraud in this bill is, that under an agreement between the guardian *ad litem* and the appellee, to that effect, the rights and interests of appellants were neglected and disregarded by said guardian, and sacrificed in the interest and for the benefit of appellee; that in pursuance of such fraudulent agreement the guardian made no objection, and offered no opposition to the proceedings in the partition suit, but consented to the same, paying no regard or attention to the interests of appellants; that such proceedings were brought, and the sale of the premises obtained, for the sole purpose of divesting appellants' title and giving the same to appellee; that there was no just ground or occasion for the institution of the partition proceedings, and that appellee instituted the same from a base and corrupt motive, and to appropriate to her own use the greater part of the estate; and that she carefully and intentionally concealed all knowledge of the commencement and pendency of that suit from the relatives of appellants, and thereby enabled herself to bid in and purchase premises worth $10,000 for $5100.

If it be true that the partition suit was brought by Mrs. Stunz for the corrupt purpose stated, and that she concealed the institution and pendency thereof from those who might have looked after the interests of her stepchildren, and entered into a corrupt agreement with the guardian *ad litem*, whereby he should neglect the duty of his position as an officer of the court and suffer his wards' interest to be sacrificed, and make no objection or opposition to the allowance of improper and unjust claims against the property made by her, and the decree was entered and the proceeding carried on in pursuance of such corrupt motive and agreement, then she was clearly guilty of gross fraud upon the rights of appellants, and can not be allowed to retain any undue advantage that she thereby gained, to the injury and prejudice of her minor stepchildren. If by such schemes and practices she succeeded in acquiring title to the property at a much less price than its value, a

court of equity, at the suit of the injured parties, and on proper bill, should set the sale aside, and restore the heirs to their just rights and former condition, so far as is practicable, and such heirs should, as before stated, be allowed their day in court for the purpose of asserting such rights.

The next charge of fraud is, that at Mrs. Stunz' request, and acting under her directions, the commissioners appointed to make partition did not perform their duties or obligations in that behalf, but were grossly negligent, and valued said premises at only $5125, when they well knew they were worth over $10,000, and it is alleged that they made this valuation at the request and under the direction of appellee, and were controlled, governed and influenced by her in fixing the value of the premises at $5125, thereby enabling appellee to purchase the property for about $1700 less than she would have been obliged to pay for the same under a law forbidding a sale for less than two-thirds of the appraised valuation. There can be no question that if this allegation of the bill be true, and the commissioners suffered themselves to be influenced and controlled to the injury of appellants, such action will be fraudulent, and if procured by appellee, will furnish the ground for a bill to set aside the subsequent proceedings, and in any event will furnish a legal ground for setting aside the report of the commissioners. In *Gooch* v. *Green*, 102 Ill. 507, this court said: "It was the duty of the commissioners to make a fair and impartial division of the lands, according to the rights and interest of the party, as declared by the judgment of the court. If the commissioners, in the discharge of their duty, were influenced and governed by one of the parties in interest, as alleged in the bill, such action will be fraudulent, and could not be held binding on the complainants."

Commissioners in partition proceedings are required to be impartial and disinterested persons. They should stand indifferent between the parties, and act upon their own unbiased judgment, free from any influence by any one. If the prop-

erty, as alleged, was worth over $10,000, and Mrs. Stunz procured the commissioners to appraise it at substantially half its value, so that she might purchase the same for much less than if the valuation had been truly made, she is undoubtedly chargeable with fraud, and the report, and all subsequent proceedings based thereon, should be set aside.

As to the errors of law assigned upon the record, we refer to the opinion filed in the case of *Stunz et al. v. Stunz, supra,* and which is a writ of error to the Superior Court of Cook county in the original partition proceeding. We there hold many of the errors assigned by these same appellants, in that case plaintiffs in error, to be well taken, and it will not be necessary to repeat the ground of our judgment in that case. We are of opinion that the charges of fraud in the bill are sufficiently specific to require the defendants to answer the same, and that the court therefore erred in sustaining the demurrer.

A motion has been made to dismiss the appeal in this case, on the ground, as it is alleged, that no freehold is involved, and therefore this court is without jurisdiction on appeal directly from the Superior Court. In our judgment, a freehold is involved. Under the sale in the partition suit, appellants' title to the real estate in controversy is gone, and Mrs. Stunz, appellee, is the owner thereof. By the bill, appellants seek to have the partition sale set aside, the effect of which, if done, will be to divest the title of Mrs. Stunz, and to restore to appellants their former legal title in and to the premises. The dismissal of their bill was a denial of the relief sought, and appellants, by this appeal, seek the same relief they did in the court below.

For the reasons given, the decree of the Superior Court of Cook county sustaining the demurrer to and dismissing the bill, is reversed, and the cause remanded to that court, with directions to overrule the demurrer and give appellees leave to answer the bill, if they so desire.

*Decree reversed.*

21.—131 ILL.