## Ross N. Crane, by next friend, v. Nettie L. Stafford, et al.

1. BILL OF REVIEW—*when, involves freehold.* A bill in the nature of a bill of review which seeks to impeach a decree in partition ascertaining and declaring the title to a freehold estate, involves a freehold.

Bill in nature of bill of review. Appeal from the Circuit Court of Pike County; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1904. Appeal dismissed. Opinion filed November 18, 1904.

EDWARD DOOCY and B. F. BRADBURN, for appellant.

EDWARD YATES and WILLIAM MUMFORD, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellant, a minor, by his next friend, filed his bill in equity, in the nature of a bill of review, alleging that Eli R. Crane, the father of appellant, died intestate August 10, 1890, seized in fee of certain real estate therein described; that said Eli R. Crane left him surviving Mary W. Crane, his widow, and Charles Crane and appellant, his children and only heirs at law; that said Charles Crane died in February, 1901, intestate, unmarried and without issue; that on October 22, 1902, one Nettie L. Stafford, claiming to be the widow of said Charles Crane, filed her bill for partition of the said real estate and made appellant a party defendant therein. The bill sets out in detail the allegations and prayer of the bill for partition together with the subsequent proceedings thereunder resulting in a decree for partition determining the rights of the parties in interest, as tenants in common, and as entitled to dower, and a decree for the sale of said real estate by the master in chancery. Continuing, the bill alleges errors of law appearing upon the face of the record in said partition proceedings, and charges appellee, Nettie L. Stafford, with fraud in procuring the decree for partition, whereby appellant was deprived, by the decree of the court, of a substantial part of his title and interest as tenant in common, in fee simple, in said real estate. The

prayer of the bill is, that the order of default against appellant in said partition proceedings, the order referring said cause to the master in chancery to report proofs with his findings thereon, the report of said master, the decree for partition and dower, the report of the commissioners and the decree of sale therein be set aside and declared fraudulent and void, and that a sale of said real estate by the master in chancery be enjoined until the further order of the court. A demurrer to this bill, interposed by appellee Nettie L. Stafford, was sustained by the chancellor, and the bill dismissed for want of equity. It is insisted by appellees that this court has no jurisdiction to entertain the appeal prosecuted to reverse such decree, because the case involves a freehold.

By the bill filed in this case appellant seeks to impeach a decree of partition ascertaining and declaring the title of the several tenants in common in a freehold estate, on the ground of fraud and for errors of law apparent upon the face of the record. Stunz v. Stunz, 131 Ill. 309; Lloyd v. Kirkwood, 112 Ill. 329; Grimes v. Grimes, 143 Ill. 550. A freehold is involved where the result of the litigation must be that one party will gain and another lose a freehold estate or where the title is so put in issue by the pleadings that a decision of the case necessarily involves a decision as to the title. People v. W. Chicago St. R. R. Co., 203 Ill. 551. If the decree sought to be impeached had been brought to this court for review upon appeal or writ of error, a motion to dismiss such appeal or writ of error must have been allowed, and the same dismissed upon the ground that a freehold was involved. Bangs v. Brown, 110 Ill. 96. The decree for partition here involved, ascertained and declared that appellee, Nettie L. Stafford, had title in fee to the undivided one-fourth of the real estate therein described, and was also entitled to an estate of dower in the undivided one-fourth of said real estate. If such decree is, in this proceeding, declared null and void, and thereby impeached, appellee will lose her freehold estate thereby ascertained and declared, and appellant will gain an estate of

freehold.    The case clearly involves a freehold, and this court is without jurisdiction to review the decree appealed from.  The appeal is dismissed.

*Appeal dismissed.*