## FRANZ SCHULZ

*v.*

## CARRIE HASSE.

*Opinion filed April 18, 1907.*

1. JUDICIAL SALES—*mere inadequacy of price does not justify disapproving sale.* Mere inadequacy of price does not justify disapproving a judicial sale unless the inadequacy is so gross as to raise the presumption of fraud.

2. SAME—*correct practice where price is claimed to be inadequate.* One who seeks to have a judicial sale disapproved for inadequacy of price should guarantee an advance bid in case of a re-sale or give security that there will be no loss.

3. PARTITION—*right of court to appoint commissioners under a bill for partition.* In a proceeding for partition under the general chancery powers of the court it is proper for the court to follow the same method in appointing commissioners as is set out in the partition statute.

4. SAME—*effect where no bids are received equaling amount required by decree.* If no bids are received by the master equaling the amount required by the decree the court may appoint new commissioners to make the partition or a new appraisement, and may order a sale of the property on the basis of the new appraisement.

5. PARTIES—*the purchaser is a necessary party to proceeding to set aside a judicial sale.* The purchaser at a judicial sale is a necessary party to a proceeding to set aside the sale, and if he is made a party and the sale is set aside a freehold is involved, and a direct appeal lies to the Supreme Court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the First District affirming a decree of the superior court of Cook county which confirmed a master's report of sale in partition proceedings.

Appellant states in his brief that no errors are assigned which question the findings of the court below as to the

rights and interests of the parties in the premises or the proceeds thereof; that the errors assigned are only to the proceedings subsequent to the entry of a decree on November 4, 1904, awarding partition and appointing commissioners to make the same. The commissioners appointed under said decree reported that the premises could not be divided without prejudice to the parties and appraised the value at $2700. The court thereupon decreed that the property be sold by the master to the highest bidder for cash, but not for less than the required two-thirds of the appraised valuation. On January 13, 1905, the master reported that he had advertised in accordance with the decree but had received no bid equal to two-thirds of the value fixed by the commissioners. On the same day a decree was entered approving this report of the master and appointing three new commissioners to partition or re-value the property. These three commissioners on January 17, 1905, reported that the premises could not be divided without prejudice and fixed their value at $2300. On this date a decree was entered approving the report of the commissioners and ordering a sale of the premises by the master to the highest bidder for at least two-thirds of the valuation, after notice by publication once each week for two successive weeks. February 7, 1905, the master reported that he had sold the premises at public auction, after giving the notice required by the last decree, to the highest and best bidder, Maria Hatsch, for $1533.34; that she had deposited $150 of the purchase price and was willing to pay the balance on the approval of the report. February 9, 1905, objections were filed to the report by appellant and other defendants, which, on hearing, were overruled and the sale was approved, from which order appeal was taken to the Appellate Court.

JACOB DIAMOND, and JAMES F. HUTCHISON, for appellant.

LESLIE H. WHIPP, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant complains that the premises were sold for an inadequate price. He makes no proof justifying this claim. Mere inadequacy of price will not justify a court in refusing to approve a sale unless the inadequacy is so gross as to raise the presumption of fraud. (*Quick* v. *Collins,* 197 Ill. 391; *Kiebel* v. *Leick,* 216 id. 474.) This court has held that where a sale of this kind is objected to, the objectors asking a re-sale should bring the offer into court, or make an advance bid, or give a guaranty or bond that there will be no loss on a re-sale. *Wilson* v. *Ford,* 190 Ill. 614; *Quigley* v. *Breckenridge,* 180 id. 627.

The main insistence of appellant is, that the chancellor had no authority to direct the sale under the second decree on the valuation made by the second set of commissioners; that the order under which the first commissioners were appointed was not formally vacated by the decree of January 13, 1905, appointing the second set of commissioners; that the decree of January 17, in fixing the amount for which the property should be sold, did not clearly show which of the two valuations it referred to. An examination of this decree shows that it refers to the valuation of the last commissioners. The decree in question is clear and specific on this point. While the decree of January 17 did not in set terms set aside the former decree, yet in so far as was necessary it modified the former one. The wording of the last decree leaves no uncertainty in this regard.

In this connection it is also urged that this being a bill for partition under the general chancery powers of the court, and not a petition for partition under the statute, it was error to appoint the commissioners under the provisions of the partition statute. (Hurd's Stat. 1905, chap. 106, p. 1493.) Under that statute this court has held that the procedure should conform, so far as practicable, to that which obtains in the courts of law, except in so far as the statute requires otherwise. (*Hopkins* v. *Medley,* 97 Ill. 402.) We are

aware of no reason why the court, in chancery proceedings for partition, could not follow the same method in the appointment of commissioners that is set out in the partition statute. The reasoning of this court in *Labadie* v. *Hewitt,* 85 Ill. 341, and *Gage* v. *Lightburn,* 93 id. 248, does not in any way conflict with such a practice. It was the duty of the court, when the master was unable to sell for the price fixed by the first decree, to adopt some plan to sell the property that would be fair and just to all interested. The method of appointing the second commissioners to partition the property, and if it could not be partitioned without prejudice then appraise its value, was within the sound discretion of the court. Nothing appears from the record to indicate that this method was not fair to all.

Objection is also made that the decree of the court ordered the master to advertise and sell the property to the highest bidder, whereas the advertisement was to the highest and best bidder. The sale appears to have been made to the highest bidder. There is no merit in this point.

No assignment of errors questions specifically the right of the purchaser to this property or the rights and interests of the parties as found by the decree of partition. On this account we infer that the parties to the litigation, as well as the Appellate Court, concluded that a freehold was not involved and hence the case could not be brought directly to this court. This point is not referred to in the briefs. In the present condition of the record the decision of this court amounts to little more than the settlement of moot questions. The sale could not be set aside without first notifying the purchaser, Maria Hatsch, and making her a party. (*Dunning* v. *Dunning,* 37 Ill. 306; *Comstock* v. *Purple,* 49 id. 158; *Roberts* v. *Clelland,* 82 id. 538.) We cannot find from this record that she was made a party to these proceedings or notified in any way. It is indispensable that she be notified in order to set aside the sale. Had she been notified and the sale set aside the effect would have been to

divest her of her title, and this court has held in *Stunz* v. *Stunz*, 131 Ill. 309, that a freehold would thereby be involved, and the case, under those circumstances, should have been brought directly to this court and not by way of the Appellate Court. In view of the nature of the errors assigned in the record we have not deemed it necessary to dismiss the appeal.

The judgment of the Appellate Court will accordingly be affirmed.