GODFREY M. HYAMS, In Equity,

*vs.*

OLD DOMINION COMPANY, et al.

Cumberland. Opinion April 24, 1915.

*Bill in Equity. Capital Stock. Demurrer. Indispensable Party. Interlocking Directorates. Minority Stockholder.*

In a bill in equity brought by a minority stockholder in a New Jersey corporation against a Maine Corporation owning a large majority of the stock of the New Jersey Corporation, alleging among other things that the defendant is dominating and controlling the officers of the New Jersey Corporation, that such domination is oppressive and injurious to, and greatly prejudices the interests of, the minority stockholders of the New Jersey Company, that the minority stockholders have been illegally divested of their rights in and to the assets and earnings of said company, that by a continuance of such domination and control the assets and earnings of said New Jersey Company are in danger of being transferred through illegal contracts and arrangements entered into by interlocking boards of directors from the minority stockholders to the stockholders of other allied companies, and praying that the Maine Company may be restrained and enjoined from voting its stock for the purpose of continuing such domination, and that it be ordered to take immediate steps to divest itself of its holdings in the New Jersey Company,

*Held:*

1. That the New Jersey Corporation is an indispensable party to the proceeding, and being beyond the jurisdiction of this court the bill in equity cannot be maintained.

2. That indispensable parties to a bill in equity are those whose interests in the subject matter of the suit and the relief sought are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed.

3. That the allegations in the pending bill rest upon injury to the corporate interests and hence to the plaintiff as a stockholder therein. If the plaintiff as a minority stockholder is injured it is because the corporation itself is injured.

4. That all the wrongs, done or threatened, as set out in the bill are wrongs against the corporation itself and, except through the corporation, they have no relation to the plaintiff. Therefore, the corporation is an indispensable party.

On appeal by plaintiff. Appeal dismissed. Bill dismissed with costs.

This is a bill in equity by the plaintiff, a minority stockholder of the Old Dominion Copper Mining and Smelting Company of New Jersey, asking for a temporary injunction restraining the Maine Company from voting any of its stock at a meeting of the New Jersey Company and that the Maine Company be perpetually enjoined and restrained from voting any of its stock for the election of any officer, director, etc., of the Maine Company. The defendant filed a demurrer to said bill, and on the 29th day of November, 1914, the cause was heard before a single Justice on bill and demurrer, and it was ordered and decreed that said demurrer be sustained and the bill be and hereby is dismissed without prejudice, from which order and decree the plaintiff appeals to the Law Court.

The case is stated in the opinion.

*Isaac W. Dyer, Carl W. Smith, and Scott Wilson,* for plaintiff.

*William M. Bradley, Brandeis, Dunbar & Nutter, and Edward F. McClennen,* for Old Dominion Company.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HANSON, JJ.

CORNISH, J. This is a bill in equity brought by a minority stockholder of the Old Dominion Copper Mining and Smelting Company of New Jersey, hereinafter referred to as the New Jersey Company, in behalf of himself and such other stockholders as may see fit to join in the proceedings, against the Old Dominion Company of Maine, hereinafter referred to as the Maine Company, which holds a majority of the stock of the New Jersey Company, asking certain relief which will be considered later.

The total capital stock of the New Jersey Company is 162,000 shares of which the plaintiff owns 3,056 shares and the Maine Company 155,245 shares.

The bill alleges that the New Jersey Company, prior to 1904, was a wholly independent corporation and that prior to that time the members of a copartnership known as Phelps, Dodge & Company, were the owners of all the capital stock of the United Globe Mines, a New York corporation operating a mine contiguous to the mines of the New Jersey Company in Arizona, and this partnership or its individual members also owned or controlled numerous other com-

panies engaged in mining ores or fuel, in furnishing transportation and in purchasing supplies. The various steps leading up to the formation of the Maine Company as a holding company, thereby effecting a practical amalgamation of the New Jersey Company with the United Globe Mines, have been fully described in the recent case between the same parties in this court, involving the right of the Maine Company to have the stock owned by it in the New Jersey corporation held by Trustees, *Hyams* v. *Old Dominion Company*, 113 Maine, 294, and need not be repeated here. The result of the consolidation is that the Maine Company owns all the capital stock of the United Globe Mines and 95% of the stock of the New Jersey Company, and the majority of the stock in the Maine Company is in turn owned and controlled by the officers and directors of Phelps, Dodge & Company, the partnership having become incorporated.

It is further alleged that the New Jersey Company has various inter-relations, contractual and otherwise, with the United Globe Mines and the other corporations referred to, and by means of interlocking Boards of Directors and controlling ownership in the Maine Company the same set of men are in practical domination of the entire situation, and are exercising that domination to the injury of the plaintiff as a minority stockholder in the New Jersey Corporation. Stated baldly the plaintiff's claim is that the majority party in power are using that power to the advantage of the other allied corporations and to the detriment of the New Jersey Company, and therefore to the plaintiff's injury, the parties in power evidently having a greater financial interest in the allied companies than in the New Jersey Company and the plaintiff having less, so that what works a gain to them works a loss to him.

The prayers of the pending bill are for a temporary injunction, restraining the Maine Company from voting any of its stock at a meeting of the New Jersey Company the date of which has now long since passed; and further that the Maine Company be perpetually enjoined and restrained from voting any of its stock for the election of any officer, director or stockholder of the Maine Company or of any of the corporations referred to in the bill and controlled by Phelps, Dodge and Company or the Maine Company, excepting the minority stockholders of the New Jersey Company, as a director or other officer of the New Jersey Company, or from voting any of its stock for the purpose of continuing the domination and control of the affairs

of the New Jersey Company by the Maine Company through the election of its corporate officers or in any other manner; and that the Maine Company be ordered to take immediate steps to divest itself of its holdings in the New Jersey Company in such manner as the court shall deem proper.

The Maine Company demurs to the bill, assigning eleven distinct grounds, but it is necessary to consider only one of these grounds, viz: that the New Jersey Company is an indispensable party to this proceeding and is not within the jurisdiction of this court. The New Jersey Company is made a party defendant but has not appeared. The single question therefore to be decided is whether that company is an indispensable party to this suit. In our opinion it is.

What is meant by the term indispensable party? Under what circumstances and state of facts is a party held to be in that category? Definitions of the term vary in language but not in essence. "When a person will be directly affected by a decree, he is an indispensable party." Justice Bradley in *Williams* v. *Bankhead,* 19 Wall., 563; *Douglass Co. Supervisors* v. *Walbridge,* 38 Wis., 179. "An indispensable party is one who has such an interest in the subject matter of the controversy, that a final decree cannot be rendered between the other parties to the suit without radically and injuriously affecting his interest, or without leaving the controversy in such situation that its final determination may be inconsistent with equity and good conscience." *Rogers* v. *Penobscot Mining Co.,* 154 Fed., 606. "Indispensable parties to a bill in equity are those whose interests in the subject matter of the suit and the relief sought are so bound up with that of the other parties that their legal presence as parties to the proceeding is an absolute necessity, without which the court cannot proceed." *Kendig* v. *Dean,* 97 U. S., 423; Words and Phrases, Vol. 4, page 3559.

Can there be any doubt that the interests of the New Jersey Company would be directly affected by a final decree in this case, carrying out what the plaintiff asks to be carried out? or that the subject matter of the suit and the relief sought are bound up with the interests of the corporation itself?

The plaintiff's allegations answer the question. In the last analysis the pending bill rests upon injury to the corporate interests and hence to the plaintiff as a stockholder therein. There can be no diversity in the effect of a certain act or course of conduct upon

different stockholders. All must be injured or benefited alike in proportion to their amount of ownership. If a minority stockholder is injured it is because the corporation itself is injured and he as a minority stockholder feels the effects, and the majority stockholder must be likewise injured. If in this particular case it happens that the defendant is not injured, it is due to the peculiar fact that its interest in the allied companies which are receiving the benefits, exceeds its interest in the New Jersey Company which is sustaining the losses. In other words its loss from this source is made by its gain from other sources. That however is beside the question. Its loss as a stockholder in the New Jersey corporation follows inevitably from the loss to the corporation itself, so that all the stockholders, minority and majority alike, are sufferers from and only because of injuries to the New Jersey Company.

The plaintiff's complaint is not as an individual but as a stockholder and such an injury necessarily implies and grows out of an injury to the corporation itself. All the wrongs done or threatened as set out in the bill are wrongs against the corporation itself, and °except· through the corporation they have no relation to the plaintiff. Therefore the corporation is an indispensable party. And, although this bill is most artfully drawn to disassociate the stockholder from the corporation, in the endeavor to make the contest one between stockholders alone, and to suppress if possible all idea of the interest of the corporation in the controversy or the results, still that interest crops out persistently. To illustrate: In the very first paragraph it is alleged that the plaintiff is seeking to terminate the domination and control of the officers of the New Jersey Company by the Maine Company which has been "oppressive and injurious to the interests of the minority stockholders of the New Jersey Company and greatly prejudices their interests in the future." This is but another way of saying that the plaintiff is injured because the corporate interests are injured, through the domination of the defendant. After describing the various interlocking directorates and the centralization of management in one group of men represented by Phelps, Dodge & Company, the bill goes on to allege that the minority stockholders of the New Jersey Company, including the plaintiff, have thereby "been illegally divested of their rights in and to the assets and earnings of said Company," "that said control, obtained through said holding Company, has resulted in numerous abuses of such control, under which the

interest of your complainant has suffered, and if allowed to continue
will be further jeopardized;" that "through means of such control
the profits and assets of said Old Dominion Copper and Smelting
Company are in danger of being transferred through illegal contracts
and arrangements entered into by said interlocking boards of directors
and diverted from said minority stockholders of said Old Dominion
Copper Mining and Smelting Company, including your complainant,
to the stockholders of said other corporations." And the plaintiff
for these reasons seeks to have the affairs of the New Jersey Company
placed under the control of an independent board of directors.

Various instances are cited where either possible profits are alleged
to have been lost or surrendered, or unnecessary expenditures to have
been made. The gist of all these charges is that the assets, property
and rights of the New Jersey corporation are being illegally dissipated.
If this is true then the corporation itself should be before the court.
It is directly and necessarily interested in the result of the litigation.
Its rights are directly involved. Its interests are so interwoven with
those of its stockholders that they are inseparable. These alleged
illegal contracts have been and are being made by the corporation
through its officers, and to effectually prevent their continuance or
repetition the corporation itself must be in court. In no other way
can a decree of the court be binding and effective. This is settled
law.

Passing from the particular allegations in the bill to its general
scope and purpose it is obvious that the internal affairs of the corpora-
tion are under investigation and correction, and in these the corpora-
tion itself is necessarily concerned. The whole control is sought to be
taken from one set of stockholders, representing 95% of the stock,
and given to another representing less than 2% of the stock. The
old officers are to give place to new. The old policies are to be
changed. The conduct of its business is to be revolutionized, and
perhaps the very continuance or existence of the corporation itself
may be at stake.

This is not a case between two stockholders involving the title to
certain shares of stock claimed by each. The rights of the corpora-
tion would not necessarily be involved in such a controversy. Nor
is it a case involving the duty of a holding company to have its stock
in its own name and not in the name of trustees. With that con-
test the corporation itself is not concerned and need not be a party.

*Hyams* v. *Old Dominion Co.*, 113 Maine, 294. It is a controversy involving the rights, powers, property and assets of the corporation itself, and both by necessary implication and under the specific allegations of fact in the bill we have no hesitancy in holding that the New Jersey Company is an indispensable party to these proceedings. It requires no argument to prove that these proceedings should be so conducted that any decree which shall be made upon the merits shall conclude the corporation, in order that it may not in the future take any action antagonistic to the decree and claim that it was not bound thereby.

This same question, between the same parties and on facts so similar as to be substantially the same, has recently been passed upon by the Federal Court in this District, and the same result is reached as here. *Hyams* v. *Old Dominion Co.*, 204 Fed., 681, (1913). In that case the plaintiff alleged the same material facts as to interlocking directorates and illegal domination by the holding company with the consequent danger of dissipation of assets in dividends, and claimed as here the right to have the New Jersey Company managed by an independent Board of Directors. The defendant filed a motion to dismiss under the new Federal equity rules, which corresponds to a demurrer to the bill under the former practice, on the ground that the New Jersey Company was an indispensable party. The District Court granted the motion and dismissed the bill. After discussing the allegations in the bill the learned Judge says: "It is clear then, that without the presence in court of the New Jersey corporation, the whole controversy cannot be tried out and that whatever decree the complainant obtains in this suit will be no bar to a suit of the New Jersey corporation founded upon the same inequitable acts of this defendant. In my opinion the Court cannot pass adequately upon the questions presented by this bill without having before it the corporation of which the complainant is a minority stockholder in order that the whole controversy may be settled."

This decision was later affirmed in the Circuit Court of Appeals, *Hyams* v. *Old Dominion Co.*, 209 Fed., 808, and in the course of the opinion, in considering the identical arguments presented to us here, the court say:

"It is said by the appellant that the interests of the New Jersey Corporation are not "directly or adversely affected;" that the relief asked for does not seek to control the New Jersey Corporation but

only to secure an independent board of directors for it, so that the New Jersey Corporation shall be in no way hampered, nor can be, by any decree in this cause; that no decree granting the relief asked for can be injurious to the New Jersey Corporation, for all that could happen to it would be a board of directors capable of acting independently and fairly in its affairs; that its business is not sought to be regulated or interfered with by this bill, and finally that the bill does not seek to meddle with its affairs but only with the conduct of the Maine corporation in its capacity as a stockholder, and so forth and so forth. It is beyond the scope of legal intelligence to comprehend how it is that a bill, which, if sustained, might put the affairs of a corporation in control of a very small minority thereof, or perhaps disenable it, whether directly or indirectly, from the ability of securing a legal quorum, according to its local statutes or its by-laws, at any meeting of its shareholders, has no such operation as claimed by the appellant in the way we have stated. On the other hand the position of the litigation is frankly stated by the opening of appellant's brief to the effect that he seeks to have the New Jersey Corporation 'controlled by an independent board of directors.' There is no doubt that the purpose of the bill is to control the management of a corporation not made a party to it and therefore without its having any judicial hearing in reference thereto. The control sought for by the complainant may be for the good of the New Jersey Corporation or it may not be; but whether, if the relief asked for is granted, it would be for its good or evil, is a matter which cannot be disposed of without its being heard in reference thereto. The effect of the decree asked for might be to seize and maintain the control of the New Jersey Corporation in violation of the fundamental rule in equity, that the Court must hear before it strikes. . . . . No doubt the appellant is not left by us without remedy, because at least the Federal Courts in New Jersey would have full jurisdiction to grant him all the remedy which he needs, so far as on the merits he is entitled to it. . . . . It is also to be remembered especially in proceedings in equity, it is the substance which governs and not the form; and that a distinction cannot be sustained merely on the ground that the bill is against a stockholder, and does not in form affect the corporation, when, through the stockholder, the bill seeks to take practical control of it, as it does here."

The bill in the case at bar has evidently been reframed so as to omit the bald allegation of "damage and injury to said corporation" which appeared in the bill in the Federal Court, and otherwise to veil the corporate entity, but other equivalent allegations do appear as we have already seen, and a careful comparison of both bills finds them essentially the same so far as the point under consideration is concerned. The reasoning of the Federal Court applies with equal force here and the conclusion is accepted as consonant with proper equity procedure. It also has high authority. *Minnesota* v. *Northern Securities Co.,* 184 U. S., 422.

The plaintiff calls attention to various cases in this and other States where bills in equity were sustained although a party out of the jurisdiction was interested in the subject matter and would be a necessary party if within the jurisdiction. Those cases are readily distinguishable. Thus in *Lawrence* v. *Rokes,* 53 Maine, 110, a case regarded as conclusive by the plaintiff, a bill was brought by a member of a partnership against his four copartners to enforce contribution for advances. The partnership business had been finished, the property disposed of and all debts to and from the copartnership had been adjusted. Three of the four defendants resided outside the State and the plaintiff was permitted to maintain the bill against the fourth living within the State, to recover the amount due from him. The reason was that the absent defendants were not indispensable parties. The amount to be paid by the resident defendant to the plaintiff was a matter merely between those two persons, and could in no way be affected by the absence of the non-residents. It would be neither greater nor less were they also present. And their rights would be in no way affected by a decree against the resident defendant. The amount due from them would not be changed by such a decree. In other words the facts did not create the condition of an indispensable party and therefore the rule as to indispensable parties was held not to apply. The distinction between proper and indispensable parties is however recognized in the opinion in these words: "In *Mallow* v. *Hinds,* 12 Wheat., 193, it was held that where an equity cause may be finally decided as between the parties litigant, without bringing others, who would generally speaking, be necessary parties, such parties may be dispensed with, if process cannot reach them. But not if a final decree cannot be made without affecting the rights

of absent parties." The same jealous regard for the rights of absent parties runs through all the cases relied upon by the plaintiff. In each we come back to the fundamental question, would the rights of the party, who is not before the court, be directly affected by a decree against the parties who are before it. If so, the rule as to indispensable parties must be enforced, otherwise not; and the vast number of cases cited by counsel align themselves on one side or the other according to the facts of each. As is often the case, any difficulties involved arise, not because of any doubt as to the rule itself, but as to its application.

Our conclusion therefore is that under the allegations in this bill, which must be taken as true on demurrer, the New Jersey Corporation is an indispensable party to the proceeding, and as it is not before the court, the entry must be,

*Appeal dismissed.*
*Bill dismissed with costs.*