JANUARY TERM, 1919 305

Watters v. Trea. M. & R. Co., 25 N. M. 305

[4] He further argues that in the former opinion this court held that the property in question was the separate estate of the appellee, and that we were in error in this in that the proof did not show whether it was the separate estate or community property. If community property, however, the result would be the same; for, under chapter 84, Laws of 1915, it is provided that any transfer or conveyance attempted to be made of the real property of the community by either husband or wife alone shall be void and of no effect. The answer admits that appellee did not sign the deed, and the proof in the lower court all was to the effect that she had not signed the deed, or authorized her husband to sign it for her. This being true, and the deed having been executed subsequent to the enactment of said chapter 84, it was void and conferred no title upon appellant.

For these reasons, the motion for rehearing will be denied, and the former opinion adhered to.

PARKER, C. J., concurs.

---

[No. 2171, Nov. 12, 1918.]
[Rehearing Denied June 28, 1919.]
WATTERS v. TREASURE MINING & REDUCTION CO. et al.

### SYLLABUS BY THE COURT.

1. Where a judicial sale has been confirmed, the purchaser has such an interest as to require notice to him of an application to set aside the sale. He is an indispensable party to the proceeding, and his omission is jurisdictional. This proposition is supported by all the authorities.          P. 306

2. A want of proper parties below appearing upon the face of the record requires a reversal or dismissal on appeal, unless the objection has been waived.          P. 307

3. An application for the first time on appeal to add a new party comes too late, although such party might have been joined in the original action.          P. 307

Appeal from District Court, Socorro County; M. C. Mechem, Judge.

Suit by Thomas E. Watters as trustee, to foreclose a mortgage, in which there was a confirmed foreclosure sale and a distribution of purchase price, after which the Treasure Mining & Reduction Company and others moved to set aside the sale. Motion denied, and movants appeal. Appeal dismissed.

R. P. BARNES and E. W. DOBSON, both of Albuquerque, for appellants.

J. G. FITCH, of Socorro, for appellee.

## OPINION OF THE COURT.

ROBERTS, J.   On the 4th day of January, 1917, a sale of certain property heretofore ordered sold by decree of the court in foreclosure proceedings was made by Milton J. Helmick, as special master. At such sale H. L. Gary, of Kansas City, Mo., was the purchaser. Gary was not a party to the suit. On the 6th day of January thereafter an order was entered by the court approving and confirming such sale so made by the special master. The purchase price was paid and distribution thereof made. On the 24th day of September, 1917, appellants filed their motion in said cause, and moved the court to set aside the sale so made. Gary, the purchaser, was not made a party to the proceeding, and was not notified of the filing of said motion. He did not appear in the court below. Thomas E. Watters, as trustee, appeared and resisted the motion. The court refused to set aside the sale and appellants have appealed.

[1]   Upon the submission of the case to this court, appellee suggested the failure of appellants to make Gary a party or to serve him with notice, and asks the court to dismiss the appeal. It is well settled that, where a judicial sale has been confirmed, the purchaser has such an interest as to require notice to him of an application to set aside the sale. He is an indispensable party to the proceeding, and his omission is jurisdictional. This proposition is supported by all the authorities. See note to the case of Miller v. Henry, 105 Ark. 261, 150 S. W.

JANUARY TERM, 1919    307

Watters v. Trea. M. & R. Co., 25 N. M. 305

700, Ann. Cas. 1914D, 754; 16 R. C. L. "Judicial Sales,"
§ 74. In the case of Schulz v. Hasse, 227 Ill. 156, 81 N.
E. 50, the court said:

"The sale could not be set aside without first notifying the
purchaser, Maria Hatsch, and making her a party. Dunning
v. Dunning, 37 Ill. 306; Comstock v. Purple, 49 Ill. 158; Rob-
erts v. Clelland, 82 Ill. 538. We cannot find from this record
that she was made a party to these proceedings or notified in
any way. It is indispensable that she be notified in order to
set aside the sale."

In the case of Ellguth v. Ellguth, 250 Ill. 214, 95 N.
E. 169, the court said:

"If appellant desired to insist upon errors, not affecting the
jurisdiction of the court, which could only be remedied by
setting aside the sale, it was indispensable that Boguszewski,
the purchaser, should be notified and made a party. Schulz
v. Hasse, 227 Ill. 156 [81 N. E. 50]. The action of the court
in confirming the sale to Boguszewski must therefore be sus-
tained."

As the only relief sought was the order setting aside
the confirmation of the sale, and the purchaser, Gary,
was not a party to the proceeding, it is apparent that the
lower court could not grant the desired relief, and there
is nothing for review in this court.

[**2, 3**] Appellants have filed, in this court, a motion
to be allowed at this time to make Gary a party to the
proceedings. No authority is cited in support of such
right, and we believe that none can be found. In 3 C. J.
p. 1035 (section 1018) it is said:

"A want of proper parties below appearing upon the face
of the record requires a reversal or dismissal on appeal, un-
less the objection has been waived."

And in 3 C. J. p. 768, it is said:

"An application for the first time on appeal to add a new
party comes too late, although such party might have been
joined in the original action."

This court, therefore, has no right to grant the motion.
Gary, the purchaser, had a right to be heard in the court
below upon the application to set aside the confirmation

of the sale. Should he be made a party now, this court would be attempting to bind him by a judgment, or the reversal of a judgment, entered in the court below, to which he was not a party and had no opportunity of being heard.

For the reasons stated, the appeal will be dismissed; and it is so ordered. .

HANNA, C. J., and PARKER, J., concur.