C. R. MILLER and H. DUANE SAMMONS, Plaintiffs and Appellants, v. CUT BANK HIGH SCHOOL DISTRICT NO. 15, et al., Defendants and Respondents.

No. 9647.
Submitted April 10, 1956. Decided December 19, 1956.
305 Pac. (2d) 319.

Mr. Lloyd A. Murrills, Cut Bank, Mr. Wesley W. Wertz, Helena, for appellants.

Mr. Arnold H. Olsen, Atty. Gen., Mr. William F. Crowley, Asst. Atty. Gen., Mr. Robert L. Word, Jr., Spec. Asst. Atty. Gen., and Mr. Daniel S. Welch, County Atty., Cut Bank, for respondents.

Mr. Wertz, Mr. Welch and Mr. Crowley argued orally.

MR. JUSTICE DAVIS:

Appeals from an order which refused to grant the plaintiffs and appellants an injunction and from a final judgment of dismissal which denied them the relief prayed in their amended complaint.

The appellants (hereafter plaintiffs) are taxpaying electors of School District No. 15 of Glacier County and of Cut Bank High School District, each of which is a respondent in this court on this appeal. Of both these districts the individual respondents collectively constitute the board of trustees. Hereafter we shall refer to these respondents as the defendants.

This suit was brought by the plaintiffs in the district court for Glacier County against the defendants to restrain them from carrying out certain contracts made for the construction of a

new gymnasium, and particularly from either making or authorizing any payments pursuant to these contracts for work done and material furnished thereunder by certain named contractors. A declaratory judgment is also asked adjudging these contracts to be null, void and of no effect. The contractors who are parties to these contracts were not made defendants, and are not before the court. Nor is any excuse shown for their non-joinder.

When the suit was commenced on November 9, 1955, an order to show cause and temporary restraining order was issued to the defendants. At the hearing had on November 29, 1955, the plaintiffs by leave of court filed and served an amended complaint. The defendants then made their return to the order to show cause by motion to quash and general demurrer to this complaint.

On this record the cause was argued by counsel and submitted to the district court for decision. On December 6, 1955, that court sustained the motion to quash, dissolved the temporary restraining order theretofore issued, and entered judgment against the plaintiffs denying them the relief they prayed and dismissing their complaint.

The reasons for the lower court's rulings here do not appear in the record; but on the face of that record it is clear its decision and judgment could not have been otherwise.

In paragraph VI of the amended complaint it is alleged that the defendant trustees for the named school districts have entered into what purport to be three separate contracts with three different contractors, viz., (1) a general contract with J. W. and R. W. Stack for work and materials involving the expenditure of $204,509; (2) a plumbing and heating contract with Fullerton Plumbing and Heating Company in the sum of $49,416.50; and (3) an electrical contract with the Electric Supply Company calling for the payment of $25,847.12. In addition it is expressly averred that the defendants have agreed to pay the sum of $15,742 as an architects' fee to Messrs Weed and Fehlberg. The aggregate of all these commitments, the

502

validity of which this suit directly challenges, is approximately $295,514.62.

It follows without further recital of the facts that these con- [1] ▪▪▪▪▪ whose rights to the payment in the aggregate under their contracts of this sum is the principal issue in this suit, are indispensable parties without whose presence before it the district court was without jurisdiction to proceed with the case, particularly to a trial upon the merits or to enter any judgment such as the plaintiffs pray. See State ex rel. Sherman v. District Court, 51 Mont. 220, 152 Pac. 32; State ex rel. Gibson v. Stewart, 50 Mont. 404, 407, 147 Pac. 276; Wright v. Commissioners of Gallatin County, 6 Mont. 29, 9 Pac. 543; Board of Railroad Commissioners v. Reed, 102 Mont. 382, 385, 386, 58 Pac. (2d) 271; Montana-Dakota Utilities Co. v. City of Havre, 109 Mont. 164, 177, 178, 94 Pac. (2d) 660; Emery v. Emery, 122 Mont. 201, 226, 200 Pac. (2d) 251. Such is the rule in the Federal Courts of the Ninth Circuit. See Chicago, M., St. P. & P. R. Co. v. Adams County, 9 Cir., 72 F. (2d) 816. Elsewhere the authorities accord. See Hyams v. Old Dominion Co., 113 Me. 337, 93 A. 899; State ex rel. Marsh v. State Board of Land Commissioners, 7 Wyo. 478, 487, 488, 53 Pac. 292; McDonald v. Bennett, 108 W. Va. 665, 669-671, 152 S.E. 533; Watters v. Treasure Mining & Reduction Co., 25 N.M. 305, 181 Pac. 947; American Trust & Savings Bank of Albuquerque v. Scobee, 29 N.M. 436, 449-453, 224 Pac. 788; Federal Royalty Co. v. Duval Texas Sulphur Co., Tex. Civ. App., 105 S.W. (2d) 365; Skeen v. Lynch, 10 Cir., 48 F. (2d) 1044; Franz v. Buder, 8 Cir., 11 F. (2d) 854, 856, 857; State of Minnesota v. Northern Securities Co., 184 U.S. 199, 235, 22 S. Ct. 308, 46 L. Ed. 449; 30 C.J.S., Equity, section 142, pages 573-575; section 155(c), pages 596, 597; 21 C.J., Equity, section 276, pages 273-277; section 323, pages 328-330; 39 Am. Jur., Parties, section 35, pages 902, 903; section 36, pages 905, 906.

The district court could have brought in these contractors ▪▪▪ and made them parties to this suit under R.C.M. 1947, section 93-2828. But nowhere in the record does it appear that

503

it was asked to do so. Hence neither the judge of the district court nor that court can be put in error for not invoking this statute. The plaintiffs stand upon the case they themselves made, and that is the case the district court decided. Necessarily then as this controversy went to judgment below, the court had no jurisdiction to touch the merits, for the contractors to whom payments under these contracts are to be made out of the funds of the defendant school districts, if their contracts are valid, were not impleaded. The judgment of dismissal which denied these plaintiffs in this suit the relief they prayed was accordingly right, and is therefore affirmed.

MR. CHIEF JUSTICE ADAIR; and MR. JUSTICE ANDERSON and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I think we should decide the case on its merits in view of the public interest involved. The contractors made their contracts with knowledge of the limited powers of the board of trustees of the defendant school district. They acquired no rights if the trustees exceeded their authority. They are proper but not indispensable parties to an action to determine whether the defendant trustees exceeded their authority.